(No. 49029

BEVERLY LANDESMAN, Appellee, v. GENERAL MOTORS CORPORATION, Appellant.

*Opinion filed May 26, 1978.*

KLUCZYNSKI, J., took no part.

Thomas D. Nyhan and John J. O'Malley, of Chicago (Frazer F. Hilder, of Detroit, and Pope, Ballard, Shepard & Fowle, of Chicago, of counsel), for appellant.

William J. Harte, Ltd., and Kevin M. Forde, Ltd., of Chicago (William J. Harte, Kevin M. Forde, and Daley, Reilly & Daley, of Chicago, of counsel), for appellee.

MR. JUSTICE CLARK delivered the opinion of the court:

In this case, the appellate court in effect held that plaintiff's alleged failure to state a cause of action in her complaint was not a bar to her prosecuting this cause as a

class action. We disagree, and accordingly we vacate the judgments of the appellate and circuit courts and remand the cause to the circuit court for further proceedings.

On August 14, 1972, Beverly Landesman, the named plaintiff in this putative class action, purchased a third-hand 1965 Chevrolet manufactured by the defendant, General Motors Corporation. At some point between August 14, 1972, and August 30, 1972, plaintiff brought her 1965 Chevrolet to Joe Jacobs Chevrolet Company, an authorized Chevrolet dealer, for service and was advised by agents of Joe Jacobs Chevrolet Company that the motor mounts on her vehicle should be replaced. Plaintiff ordered replacement of the mounts, for which Joe Jacobs Chevrolet Company (not General Motors) charged $41.30 for labor and parts. She filed suit "on behalf of all persons similarly situated and complaining of General Motors." Her complaint alleged two alternative theories of recovery, breach of warranty and strict liability in tort.

Defendant moved to dismiss plaintiff's complaint pursuant to section 45 of the Civil Practice Act (Ill. Rev. Stat. 1971, ch. 110, par. 45). Defendant argued that the complaint failed to state a cause of action and, alternatively, that a class action was not a proper means of proceeding in this case. The circuit court granted the motion, giving as its reason that the "allegations do not constitute proper grounds for a class action suit in Illinois."

The Appellate Court, First District, reversed. (42 Ill. App. 3d 363.) The majority defined the issue before the court as "whether the complaint alleges proper grounds for a class action under the law in Illinois." (42 Ill. App. 3d 363, 364.) It then went on to point out that "[t]here is no statutory law which governs class action in Illinois. Judicial authority controls." (42 Ill. App. 3d 363, 365.) The majority then stated the common law requisites to a class action in Illinois as "(1) *** common dominant and

pervasive questions concerning members of the class; (2) *** a class of plaintiffs too numerous to join in a single action; and (3) the named parties adequately represent all members of the class." 42 Ill. App. 3d 363, 365.

The court found that the first and third requisites were satisfied in the instant case. (The existence of the second requisite was unchallenged.)

Defendant also argued that the judgment of the circuit court should have been affirmed on the ground that plaintiff's complaint failed to state a cause of action, but the appellate court refused to address this issue, stating:

"Defendant's brief raises the issue of whether the complaint states a good cause of action in warranty or strict liability, however, this issue is not included in either the trial judge's order or in the plaintiff's notice of appeal.

On appeal from a judgment or order of dismissal, questions necessarily involved in determining the propriety of the judgment or order, and only such questions, will be considered. [Citations.]

This opinion does not include a ruling on the issue of whether a cause of action on the merits was alleged, since such issue is not properly before us." 45 Ill. App. 3d 363, 367.

Thus the appellate court in effect held that the existence of a cause of action was not subsumed in the requisites to a class action, and that defendant would have had to file a cross-appeal from the judgment of dismissal in order to bring the issue before the appellate court.

Mr. Justice Burman, dissenting, recognized the flaw in this reasoning, stating:

"Although the trial court in its order addressed itself solely to the propriety of the class action, I believe it nevertheless is necessary to examine the sufficiency of the complaint; for where the

plaintiff has no individual cause of action, it necessarily follows that any attempted class action also must fail." (42 Ill. App. 3d 363, 368.) We agree.

In the interim since the decision of the appellate court in this cause, the legislature has enacted and the Governor approved amendments to the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 57.2 *et seq.*) governing class actions in Illinois. Being procedural in nature, these amendments govern our decision in this cause. (*Steinberg v. Chicago Medical School* (1977), 69 Ill. 2d 320, 337.) Under the statute, the prerequisites to a class action are as follows:

> "(a) An action may be maintained as a class action in any court of this State and a party may sue or be sued as a representative party of the class only if the court finds:
>
> (1) The class is so numerous that joinder of all members is impracticable.
>
> (2) There are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members.
>
> (3) The representative parties will fairly and adequately protect the interest of the class.
>
> (4) The class action is an appropriate method for the fair and efficient adjudication of the controversy."
> (Ill. Rev. Stat. 1977, ch. 110, par. 57.2(a).)

The requirement that the named representatives of the putative class possess a valid cause of action is subsumed in at least two of the aforementioned elements (which do not materially differ in this respect from the common law elements). Element "(2)"—the requirement that common questions of law or fact predominate—obviously assumes that the complaint states facts which, if proved, would present questions of fact for the trier of fact. Element "(3)"—the requirement that the named "parties" be adequate representatives of the class—also assumes that, as "parties," they possess a valid cause of action. Thus, it was

error for the appellate court to refuse to determine whether plaintiff's complaint stated a valid cause of action. It is plain from the language of the circuit court's decision that it did not determine whether plaintiff's complaint stated a cause of action. Under our holding today the appellate court remained not only free to address that question, but was obligated to do so. Nonetheless, under the circumstances of this case we do not think that the administration of justice would be best served by remanding this cause to the appellate court. Accordingly, we will vacate the judgments of the appellate and circuit courts and remand this cause to the circuit court with directions to determine whether plaintiff's complaint states a valid cause of action. If the court finds that the complaint fails to state a cause of action, it is directed to dismiss the case. If, however, the court finds that the complaint does state a valid cause of action, it is directed to make the findings now required by section 57.2 *et seq.* of the Civil Practice Act in connection with class actions. See also *Steinberg v. Chicago Medical School* (1977), 69 Ill. 2d 320, 342.

For the foregoing reasons, the judgments of the appellate and circuit courts are vacated and the cause is remanded to the circuit court with directions to proceed in accordance with this opinion.

*Vacated and remanded, with directions.*

MR. JUSTICE KLUCZYNSKI took no part in the consideration or decision of this case.