MARY WILLIAMS *et al.,* Plaintiffs-Appellants, *v.* BRUNO APPLIANCE AND FURNITURE MART, INC., Defendant-Appellee.

First District (4th Division)    No. 76-1163

Opinion filed June 29, 1978.

Robert Masur, Daniel W. Rosenblum, and Garfield/Austin Legal Services, all of Chicago, for appellants.

Robert K. Polovin and Richard A. Wolfe, both of Chicago, for appellee.

Mr. PRESIDING JUSTICE JOHNSON delivered the opinion of the court:

The plaintiff, Mary Williams, brought this action against the defendant, Bruno Appliance and Furniture Mart, Inc. (hereinafter referred to as Bruno), alleging violations of the Consumer Fraud and Deceptive Business Practices Act (Ill. Rev. Stat. 1975, ch. 121½, par. 261 *et seq.*), and the Uniform Deceptive Trade Practices Act (Ill. Rev. Stat. 1975, ch. 121½, par. 311 *et seq.*). On June 9, 1976, the circuit court of Cook County granted defendant's motion to strike and dismiss plaintiff's amended complaint. Plaintiff appeals from this order, and we reverse and remand this cause for trial on the merits.

This court will consider on review the following issue raised by plaintiff: Whether plaintiff's amended complaint stated a cause of action pursuant to the applicable provisions of the Consumer Fraud and Deceptive Business Practices Act (Ill. Rev. Stat. 1975, ch. 121½, par. 261 *et seq.*), and the Uniform Deceptive Trade Practices Act (Ill. Rev. Stat. 1975, ch. 121½, par. 311 *et seq.*).

The record reveals the facts to be as follows: On April 20, 1976, plaintiff filed her class action complaint for injunctive relief and damages, alleging in full the circumstances which engendered this action. On March 19, 1976, an advertisement appeared in the Chicago Sun-Times announcing defendant's furniture sale, "a wonderful savings spectacular." A copy of this advertisement was attached to the complaint. The upper portion of the ad pictured a three-piece grouping of living room furniture which included a sofa, loveseat, and lounge chair. A price of $298 appeared directly under the pictured grouping in bold numerals. Directly to the right of the picture, in smaller print, appeared the words, "90" Herculon Sofa And Lounge Chair," and a statement that, "High fashion is the word for this modern stylish sofa and lounge chair."

On March 23, 1976, plaintiff took the aforementioned ad with her to defendant's store, located at 2900 North Central in Chicago, and attempted to purchase the pictured grouping of furniture for the price of $298. However, she was informed by a Bruno salesman that the sofa alone was priced at $298. This salesman then urged her to purchase different, unadvertised furniture. Plaintiff purchased several items which were not on sale, for a total price of $462.20 (as evidenced by the bill of sale). She gave Bruno $315 as a deposit, the remaining $147.20 to be paid upon delivery. On that same date, after returning to her home, plaintiff attempted by telephone to cancel her order with Bruno. She was informed that she was required to come to the store in person. The following day plaintiff returned to the store, where the alleged manager refused to cancel the order and return her deposit. According to the complaint, subsequent similar demands by both plaintiff and her attorney were fruitless. Bruno has never delivered any furniture to plaintiff.

Plaintiff charged that the defendant fraudulently induced her to enter into a contract by employing unfair methods of competition and unfair and deceptive acts and practices in violation of section 2 of the Consumer Fraud and Deceptive Business Practices Act (Ill. Rev. Stat. 1975, ch. 121½, par. 262). Specifically, she alleged that the defendant intentionally caused an advertisement to be published which materially misrepresented the price and availability of its merchandise, and that defendant engaged in "bait and switch" sales tactics. Plaintiff's prayer was for damages, plus costs and reasonable attorney's fees.

In count II of her amended complaint, plaintiff further alleged that Bruno's acts constituted a violation of section 2 of the Uniform Deceptive Trade Practices Act (Ill. Rev. Stat. 1975, ch. 121½, par. 312(9)). Section 2 provides that:

> "A person engages in a deceptive trade practice when, in the course of his business, vocation or occupation, he:
> * * *

(9) advertises goods or services with intent not to sell them as advertised; * * *."

On June 9, 1976, the trial court granted defendant's motion to strike and dismiss plaintiff's amended complaint. In its motion, defendant charged that the complaint on its face failed to state a cause of action, in that the complaint was based upon conclusions of both law and fact and was otherwise insufficient in both law and fact to state a cause of action against Bruno. We disagree.

Section 2 of the Consumer Fraud and Deceptive Business Practices Act (Ill. Rev. Stat. 1975, ch. 121½, par. 262) provides that:

> "Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact, or the use or employment of any practice described in Section 2 of the 'Uniform Deceptive Trade Practices Act' * * * in the conduct of any trade or commerce are hereby declared unlawful * * *."

Section 2 of the Uniform Deceptive Trade Practices Act (Ill. Rev. Stat. 1975, ch. 121½, par. 312(9), (12)) sets forth numerous acts constituting deceptive trade practices, including (1) the advertisement of goods or services with the intent not to sell them as advertised, and (2) any other conduct which similarly creates a likelihood of confusion or of misunderstanding. These acts constitute deceptive trade practices when engaged in by a person during the course of his business, vocation, or occupation, and a plaintiff need not prove actual confusion or misunderstanding in order to prevail in an action brought under the Act. Furthermore, the Consumer Fraud and Deceptive Business Practices Act specifically incorporates the provisions of section 2 of the Uniform Deceptive Trade Practices Act. Therefore, we believe that plaintiff's complaint stated facts sufficient to establish a cause of action against Bruno under both Acts.

On a motion to dismiss, we must accept as true all well-pleaded facts. (*Steinberg v. Chicago Medical School* (1977), 69 Ill. 2d 320, 329, 371 N.E.2d 634, 639.) Plaintiff alleged that defendant's advertisement was deceptive and misleading. A glance at the ad refutes any claim that the ad is patently clear, or that it precludes any likelihood of confusion. Three major items of furniture are pictured with a price of $298 listed directly beneath. The language that Bruno asserts was intended as clarification of the picture appears to its right and in significantly smaller print. Had plaintiff's cause not been dismissed, the trier of fact could reasonably have found that the format of defendant's ad created a likelihood of confusion

or misunderstanding. Furthermore, the ad states that both the pictured sofa and lounge chair were selling for $298. However, plaintiff alleged in her complaint that when she arrived at the Bruno store she was informed that the sofa alone sold for $298. Plaintiff alleged that she was then pressured by a Bruno salesman to purchase unadvertised, nonsale items, and that Bruno had engaged in "bait and switch" sales tactics. Under the facts as pleaded, the trier of fact could reasonably have determined that defendant had advertised goods with the intent not to sell them as advertised, and that defendant had employed deception and misrepresentation in its course of business.

Finally, section 2 of the Consumer Fraud and Deceptive Business Practices Act (Ill. Rev. Stat. 1975, ch. 121½, par. 262) also provides that:

> "In construing this section consideration shall be given to the interpretations of the Federal Trade Commission and the federal courts relating to Section 5(a) of the Federal Trade Commission Act."

Section 5(a) of the Federal Trade Commission Act (15 U.S.C.A. §45 (1973)) states that:

> "Unfair methods of competition in commerce, and unfair or deceptive acts or practices in commerce, are declared unlawful."

Under section 5(a), an advertisement has been held to be deceptive on its face if it "creates the likelihood of deception or [has] the capacity to deceive." (*Montgomery Ward & Co. v. Federal Trade Com.* (7th Cir. 1967), 379 F.2d 666, 670.) In *In Re Rodale Press, Inc.* (1967), 71 F.T.C. 1184, 1237-38, the Federal Trade Commission stated:

> "It is well established that the test to be used in interpreting advertising is the net impression that it is likely to make on the general populace. [Citations.] It is immaterial that a given phrase considered technically may be construed so as not to constitute a misrepresentation or that a deception is accomplished by innuendo rather than by affirmative misstatement. [Citations.] Where an advertisement is subject to two interpretations, one of which is false, the Commission is not bound to assume that the truthful interpretation is the only one which will be left impressed on the mind of every reader. [Citations.] In sum, the Commission's mandate from the courts is to protect the 'ignorant, the unthinking, and the credulous.' [Citations.]"

"Bait and switch" sales tactics have been interpreted by the Commission as illegal under section 5(a). According to the Commission, "bait and switch" is defined as:

> "[A]n alluring but insincere offer to sell a product or service which the advertiser in truth does not intend or want to sell. Its

purpose is to switch customers from buying the advertised merchandise, in order to sell something else, usually at a higher price or on a basis more advantageous to the advertiser. The primary aim of a bait advertisement is to obtain leads as to persons interested in buying merchandise of the type so advertised." (16 C.F.R. §238 (1977).)

The Commission further stated that:

"No advertisement containing an offer to sell a product should be published when the offer is not a bona fide effort to sell the advertised product." 16 C.F.R. §238.1 (1977).

We believe that plaintiff's complaint adequately stated a cause of action under the clear and concise language of the Illinois statutes. When this language is amplified by the incorporated interpretations of the Federal Trade Commission and the Federal courts, there can be no doubt that plaintiff's complaint is legally sufficient.

For the foregoing reasons, the judgment of the circuit court of Cook County is reversed and remanded for further proceedings in accordance with this opinion.

Reversed and remanded.

LINN and ROMITI, JJ., concur.