JOSEPH CARINI, JR., *et al.*, Plaintiffs-Appellants, *v.* ALLSTATE INSUR-ANCE CO. *et al.*, Defendants-Appellees.

First District (5th Division)   No. 82—0937

Opinion filed March 4, 1983.

Ambrose & Cushing, P.C., of Chicago (Robert W. Cushing, of counsel), for appellants.

Sonnenschein, Carlin, Nath & Rosenthal, of Chicago (Duane C. Quaini, Jeffrey P. Lennard, and Peter J. Valeta, of counsel), for appellees Allstate Insurance Co., Aetna Casualty & Surety Company of Illinois, Prudential Property & Casualty Insurance Co., United Services Auto Association, United States Fidelity & Guaranty Co., Royal Globe Insurance Co., Travelers Corp., Sentry Insurance of Illinois, Inc., Economy Fire & Casualty Co., and Kemper International Insurance Co.

Schiff, Hardin & Waite, of Chicago (Richard M. Seligman and Walter C. Greenough, of counsel), for appellee Prestige Casualty Co.

Jacobs, Williams and Montgomery, Ltd., of Chicago (Wyatt Jacobs, Barry L. Kroll, and Lloyd E. Williams, Jr., of counsel), for appellee Inter-Insurance Exchange of the Chicago Motor Club.

Sidley & Austin, of Chicago (James R. Stinson and Michael R. Blankshain, of counsel), for appellee Security Mutual Casualty Co.

JUSTICE SULLIVAN delivered the opinion of the court:

Plaintiffs appeal from an order dismissing with prejudice their class action to recover automobile insurance premiums paid for uninsured motorist and medical payments benefits under policies covering multiple vehicles. The sole issue for review is whether their complaint states a cause of action.

Each of the plaintiffs purchased from one or more of the defendants an automobile insurance policy which covered two or more vehicles. Their complaint alleges that each policy provided for medical payments and uninsured motorist coverage; that defendants charged additional premiums for this coverage on each additional automobile insured under the policy; and that defendants have effectively limited their liability for medical payment or uninsured motorist coverage to the limits of a single coverage, despite the payment of multiple premiums, by inclusion of the following provision in each policy:

> "With respect to any occurrence, accident, death or loss to which this and any other automobile insurance policy issued to the Named Insured by the Company also applies, the total limit

of the Company's liability under all such policies shall not exceed the highest applicable limit of liability or benefit amount under any one such policy."

The complaint further alleges that the validity of this provision, commonly called an antistacking clause, has been upheld by our courts, and defendants are therefore collecting premiums for additional coverage which is not in fact provided; and that such action is deceitful and fraudulent.

The trial court, relying solely on *Menke v. Country Mutual Insurance Co.* (1980), 78 Ill. 2d 420, 401 N.E.2d 539, dismissed the complaint for failure to state a cause of action, and this appeal followed.

OPINION

Plaintiffs' sole contention is that their complaint does state a cause of action. Therefore, we must determine whether the factual allegations of the complaint, when interpreted in the light most favorable to plaintiffs, sufficiently set forth the essential elements of a cause of action (*Heritage/Pullman Bank & Trust Co. v. State Farm Fire & Casualty Co.* (1982), 104 Ill. App. 3d 1058, 433 N.E.2d 1034), bearing in mind that a motion to dismiss admits all well-pleaded facts (*Ostendorf v. International Harvester Co.* (1982), 89 Ill. 2d 273, 433 N.E.2d 253) but does not admit "conclusions of law or conclusions of fact unsupported by allegations of specific facts upon which such conclusions rest" (*Tru-Link Fence Co. v. Reuben H. Donnelley Corp.* (1982), 104 Ill. App. 3d 745, 748, 432 N.E.2d 1188, 1191).

The premise underlying plaintiffs' complaint is that by virtue of the antistacking clause, no additional coverage is provided in the policies for the additional premiums paid (for automobiles other than the first) in multiple vehicle policies. A similar assertion was rejected by the supreme court in *Menke v. Country Mutual Insurance Co.* (1980), 78 Ill. 2d 420, 401 N.E.2d 539, when it considered whether a clause which effectively precluded stacking of uninsured motorist coverage contravened public policy. There, the plaintiff sought to recover uninsured motorist benefits under three policies issued by a single insurer. Each policy contained a limitation identical to the provision in the instant action, and the plaintiff contended that its enforcement was against public policy because he had paid separate premiums for each vehicle. The court, in rejecting this argument, noted that "[p]laintiff concedes that it was reasonable to charge him something for the administrative work in writing the additional coverage and *** he has received some additional coverage for passengers who are not members of his household and would therefore not be covered by the origi-

nal policy." 78 Ill. 2d 420, 425-26, 401 N.E. 2d 539, 542.

■ Plaintiffs argue that the instant case is distinguishable because, unlike the plaintiff in *Menke*, they do not concede that some benefit was received from the additional premiums paid. However, plaintiffs offer no explanation as to how their situation differs from that in *Menke*, nor does their complaint allege that, because the antistacking limitation clause is effective, they receive no benefit from those premiums. Rather, it is alleged that defendants collected additional premiums for medical payments and uninsured motorist coverage but were providing such coverage only on the first policy. However, we have recognized that the increased risk to the insurer which results when multiple cars are on the road may justify charging additional premiums. *Hanover Insurance Co. v. Cormack* (1979), 78 Ill. App. 3d 368, 396 N.E.2d 1076; *Otto v. Allstate Insurance Co.* (1971), 2 Ill. App. 3d 58, 275 N.E.2d 766.

Plaintiffs further assert that they should not be precluded from showing the factual context; that is, that they were promised additional coverage which they are not receiving. The complaint, however, does not allege the existence of any agreement or promises other than those contained in the contracts attached thereto, and, as noted in *Menke*, "[t]he intent of the defendant insurance company and the manifest intent of the plaintiff are clearly expressed in the unambiguous language of the antistacking clause." (78 Ill. 2d 420, 425, 401 N.E.2d 539, 542.) Thus, in construing a limitation clause identical to the provision in the instant case, the court rejected the argument that the plaintiff understood or intended that he was to receive multiple coverage. "[T]he existence of any such subjective intent of the plaintiff is rebutted by the clear and unambiguous policy language from which it can be readily seen and understood that coverage was limited." (78 Ill. 2d 420, 425, 401 N.E.2d 539, 542.) Similarly, here, the language of the contracts tell us what was promised, and each contains a clear, unambiguous limitation of coverage to which plaintiffs agreed. Plaintiffs do not allege in their complaint that other, contradictory promises were made.

■ Finally, plaintiffs maintain that we must apply the "premium rule" as articulated in *Westchester Fire Insurance Co. v. Industrial Fire & Casualty Insurance Co.* (1978), 58 Ill. App. 3d 439, 444, 374 N.E.2d 779, 782, *rev'd* (1978), 71 Ill. 2d 622, 401 N.E.2d 1391, which states that "it is more just that the insured who has paid a premium should get all he paid for rather than that the insurer should escape liability for that for which it collected a premium." Plaintiffs posit from this that if no coverage is provided, no premium was intended,

and the insured is entitled to a refund. We need not consider the validity of plaintiffs' proposed corollary to the "premium rule," for the supreme court has rejected any *per se* rule with the statement:

"Finally, we are not persuaded by the contention that plaintiff, having paid a premium for uninsured motorist coverage, is therefore entitled to recover. This policy, like all others, is a contract between the company and the policyholder, the benefits of which are determined by the terms of the policy purchased insofar as those terms are not contrary to public policy." (*Stryker v. State Farm Mutual Automobile Insurance Co.* (1978), 74 Ill. 2d 507, 513, 386 N.E.2d 36, 38.)

In this light, subsequent decisions have viewed the "premium rule" as a rule of construction to be applied when an insurance contract is ambiguous as to the coverage intended. (*Maid v. Illinois Farmers Insurance Co.* (1981), 101 Ill. App. 3d 1065, 428 N.E.2d 1139; *Sharples v. General Casualty Co.* (1980), 85 Ill. App. 3d 899, 407 N.E.2d 674.) Since the issue before us does not involve the construction of an ambiguous insurance contract, the premium rule has no relevance.

For the foregoing reasons, the order of the trial court is affirmed.

Affirmed.

MEJDA and O'CONNOR, JJ., concur.