GARY M. GLAZEWSKI *et al.*, Plaintiffs-Appellants, *v.* ALLSTATE INSURANCE COMPANY *et al.*, Defendants-Appellees.

First District (1st Division)   No. 83—675

Opinion filed June 29, 1984.—Rehearing denied August 6, 1984.

402

Leo M. Bleiman, of Leo M. Bleiman, P.C., Donald A. LeBoyer, and David A. Novoselsky, all of Chicago, for appellants.

Harry A. Young, Jr., of Bilandic, Neistein, Richman, Hauslinger & Young, Ltd., of Chicago, for appellee Comet Casualty Company.

Alvin R. Becker, of Beermann, Swerdlove, Woloshin, Barezky & Berkson, of Chicago, for appellees Coronet Insurance Company and Allied American Insurance Company.

Eric A. Oesterle, of Sonnenschein, Carlin, Nath & Rosenthal, of Chicago, for appellees Allstate Insurance Company and Liberty Mutual Insurance Company.

Jerome J. Jacobson, of Garbutt & Jacobson, Associated, of Chicago, for appellee Industrial Fire & Casualty Insurance Company.

Walter C. Greenough, of Schiff, Hardin & Waite, of Chicago, for appellees Prestige Casualty Company and American Ambassador Casualty Company.

Marvin D. Berman, of Kiesler & Berman, of Chicago, for appellee Royal Insurance Company.

Gerald M. Rotheiser, of Stern, Rotheiser & Dupree, of Chicago, for appellee Merit Insurance Company.

Robert Parrillo, of Parrillo, Weiss & Moss, of Chicago, for appellee Safeway Insurance Company.

Seymour J. Gaynes, of Udoni, Connelly & Gaynes, of Chicago, for appellee Heritage Insurance Group.

Denis R. Pollina, of Pollina & Phelan, of Northbrook, for appellee American Ambassador Casualty Company.

JUSTICE McGLOON delivered the opinion of the court:

Plaintiffs appeal from the dismissal with prejudice of their class action complaint filed on behalf of all those who purchased underinsured motorist coverage in the minimum limits of $15,000 per person and $30,000 per occurrence against various insurance companies which issued the endorsements. On appeal, plaintiffs contend that (1) the complaint stated causes of action based on fraud, a violation of the Uniform Deceptive Trade Practices Act (Ill. Rev. Stat. 1983, ch. 121½, par. 311 *et seq.*) and a violation of section 149 of the Illinois Insurance Code (Ill. Rev. Stat. 1983, ch. 73, par. 761); and (2) the trial court erred in failing to address the motion for class certification.

We affirm in part, reverse in part, and remand.

By virtue of a legislative enactment, all automobile insurers in the State of Illinois became obligated to offer underinsured coverage on vehicles registered or principally garaged in Illinois. (Ill. Rev. Stat. 1981, ch. 73, par. 755a—2(3).) An underinsured motor vehicle was defined as one, ''whose ownership, maintenance or use has resulted in bodily injury or death of the insured *** and for which the sum of the limits of liability *** is less than the limits for underinsured coverage provided the insured ***.'' (Ill. Rev. Stat. 1981, ch. 73, par. 755a—2(3).) An underinsured endorsement would allow an insured to recover the difference between the maximum limit of his underinsured coverage and the total sum recoverable under the policy maintained on the underinsured vehicle. (Ill. Rev. Stat. 1981, ch. 73, par. 755a—2(3).) Insureds could elect to purchase such coverage in any amount up to limits of their uninsured motorist coverage. (Ill. Rev. Stat. 1981, ch. 73, par. 755a—2(4).) In the event of a claim, insurers were permitted to limit recovery to either uninsured or underinsured coverage if both were applicable. Ill. Rev. Stat. 1981, ch. 73, par. 755a—2(5).

In 1981, plaintiffs Gary and Lori Glazewski, Robert Sandoval and Ella Shaw purchased underinsured motorist coverage from defendants Coronet Insurance Company, American Ambassador Casualty Company and Industrial Fire and Casualty Insurance Company, respectively. The limits of coverage were the legally required minimums of $15,000 per person and $30,000 per occurrence (15/30 coverage). On September 7, 1982, plaintiffs filed an action individually and on behalf of all others similarly situated against the insurance companies from which they purchased underinsured motorist coverage and the following insurance companies which also sold the underinsured cover-

age in minimum amounts: Allstate Insurance Company, Allied American Insurance Company, Comet Casualty Company, Heritage Insurance Group, Liberty Mutual Insurance Company, Merit Insurance Company, Prestige Casualty Company, Royal Insurance Company and Safeway Insurance Company. Abe Siedman, who purchased underinsured coverage from defendant Safeway, was granted leave to intervene.

Plaintiffs' second amended complaint alleged that defendants, in offering the underinsured coverage, breached their duty to deal fairly and equitably and in good faith in that they failed to disclose material and relevant facts. Specifically, plaintiffs alleged that defendants knew, but failed to disclose, the underinsured motorist coverage in the minimum limits of $15,000 per person and $30,000 per occurrence would provide no additional coverage for collisions occurring in Illinois with another Illinois motorist, that such coverage did not protect against any additional risk, and that the issuance of an underinsured endorsement was contrary to the interests of the insured. The complaint further alleged that defendants' statements, representations and omissions created the impression that underinsured coverage in the minimum limits was something of value, that defendants knew plaintiffs would rely on their statements regarding coverage, and that plaintiffs relied on the statements in purchasing the underinsured endorsement.

In count I, plaintiffs charge that defendants' acts constituted fraud. In count II, plaintiffs sought recovery for an alleged violation of section 2 of the Uniform Deceptive Trade Practices Act (Ill. Rev. Stat. 1983, ch. 121½, par. 312) and in count III, plaintiffs alleged a violation of section 149 of the Illinois Insurance Code (Ill. Rev. Stat. 1983, ch. 73, par. 761).

The insurance companies from which the named plaintiffs purchased underinsured endorsements filed motions to dismiss for failure to state a cause of action. The other defendants moved to dismiss on the ground that plaintiffs lacked standing. After reviewing memoranda filed by the parties and hearing arguments, the trial court dismissed plaintiffs' second amended complaint with prejudice. The order does not state the grounds for dismissal, nor was plaintiffs' motion for class certification addressed.

On appeal, plaintiffs contend the trial court erred in dismissing their complaint where each count stated a valid cause of action. Plaintiffs also contend the trial court erred in failing to certify the class.

■ Initially, we note that the complaint was properly dismissed as to defendants Allstate, Allied, American, Comet, Heritage, Liberty

Mutual, Merit, Prestige, and Royal. The complaint did not allege that any of the named plaintiffs purchased policies from any of these insurance companies, and under *Kittay v. Allstate Insurance Co.* (1979), 78 Ill. App. 3d 335, 397 N.E.2d 200, plaintiffs lack standing to represent those having a possible action against these defendants. In *Kittay*, plaintiffs filed an action individually and as representatives of a class against three companies from which the named plaintiffs purchased policies and 20 other companies with which the named plaintiffs had no dealings. In affirming the dismissal of the complaint against the 20 defendants for lack of standing, the appellate court reasoned that the named plaintiffs suffered no injury from the conduct of these defendants and thus could not represent others having possible action against them. Here, plaintiffs had no relationship with the eight insurance companies named above. Therefore, the complaint was properly dismissed as to these defendants.

Plaintiffs argue that each defendant engaged in similar practices by offering and accepting premiums for underinsured coverage and therefore can be sued as a class. Plaintiffs rely on exceptions to the standing requirement noted in *Thompson v. Board of Education* (6th Cir. 1983), 709 F.2d 1200. These exceptions provide that a plaintiff may bring an action against a class of defendants if each defendant is acting to enforce a single regulatory or administrative scheme or if the conduct of defendants is virtually identical. Admittedly, defendants in this case were required by law to offer underinsured coverage. However, even if such exceptions to the standing requirement were recognized in Illinois, the exceptions would not be applicable to this case. Each defendant was able to choose its own methods of advertising, marketing and sales. Plaintiffs' complaint is founded on defendants' misrepresentations or omissions in these areas and the conduct of each defendant in selling the coverage undoubtedly varied. We therefore find no merit in plaintiffs' contention.

■ In determining whether the complaint was properly dismissed as to defendant American Ambassador, Coronet, Industrial and Safeway, we must decide whether the complaint alleges sufficient facts stating a cause of action. (*People ex rel. Fahner v. Carriage Way West, Inc.* (1981), 88 Ill. 2d 300, 430 N.E.2d 1005) and informs the opposing party of the nature of the claim (*Duhl v. Nash Realty Inc.* (1981), 102 Ill. App. 3d 483, 429 N.E.2d 1267; *Metro-Goldwyn-Mayer, Inc. v. Antioch Theatre Co., Inc.* (1977), 52 Ill. App. 3d 122, 367 N.E.2d 247). A complaint is to be liberally construed (*First National Bank v. City of Aurora* (1978), 71 Ill. 2d 1, 373 N.E.2d 1326) and should not be dismissed if the facts alleged therein and the reasonable

inferences therefrom indicate a possibility of recovery. *Krautstrunk v. Chicago Housing Authority* (1981), 95 Ill. App. 3d 529, 420 N.E.2d 429; *Novak v. C.M.S. Builders & Developers* (1980), 83 Ill. App. 3d 761, 404 N.E.2d 918.

Count I of the complaint is based on fraud. The elements of a cause of action for fraud are: a misrepresentation of material fact, knowledge by defendant that the statement is false, intent by defendant to induce the other party to act, reliance by plaintiff on the misrepresentation, and injury caused by the reliance. (*Mother Earth, Ltd. v. Strawberry Camel, Ltd.* (1979), 72 Ill. App. 3d 37, 390 N.E.2d 393.) In addition to misrepresentations, fraud may also consist of the omissions or concealment of a material fact when such acts are done with the intent to deceive under circumstances creating an opportunity and duty to speak. *Perlman v. Time, Inc.* (1978), 64 Ill. App. 3d 190, 380 N.E.2d 1040.

It should be recalled that the action was filed on behalf of those who purchased coverage with bodily injury liability limits of $15,000 per person and $30,000 per occurrence. The complaint alleged that defendants' representations and omissions regarding the coverage created the impression that they were offering something of value to the insured, when in actuality they knew the endorsement would provide no coverage for damage caused by another motorist insured in Illinois.

The statute requiring insurers to offer underinsured motorist coverage allows insurance companies to restrict recovery to the difference between the amount recoverable under the policy of the at-fault driver and the maximum limit of the insured's underinsured motorist coverage so long as the insured's underinsured limit exceeded the limit of the at-fault driver's liability coverage. If the limits of liability are the same, the insured could never recover from his insurance company on his underinsured policy (*Price v. State Farm Mutual Automobile Insurance Co.* (1983), 116 Ill. App. 3d 463, 465, 452 N.E.2d 49, 51), nor could an insured recover if the limits of liability in the at-fault driver's policy exceed the limits of the insured's underinsured coverage. Our financial responsibility law requires a minimum limit of $15/30. (Ill. Rev. Stat. 1983, ch. 95½, par. 7—317(b)(3).) Either the at-fault driver would be insured for at least this amount, in which case the insured could not recover under his underinsured provision (*Price v. State Farm Mutual Automobile Insurance Co.* (1983), 116 Ill. App. 3d 463, 465, 452 N.E.2d 49, 51), or the at-fault driver would be uninsured and recovery would be had under the uninsured provision. Thus, underinsured coverage in the minimum limits of 15/30 is indeed

illusory because it would never be payable when recovery is sought from another Illinois motorist. Furthermore, it would not be payable in instances where the at-fault driver is insured in other States which have financial responsibility limits equal to or greater than those required in Illinois.

Indeed, defendants have represented in their briefs that only 15 States and the District of Columbia have personal injury liability limits less than the limits required in Illinois. In view of the limited applicability of underinsured coverage and defendants' superior knowledge of insurance matters, we find that the complaint stated a cause of action for fraud. There are sufficient allegations that defendants misrepresented the underinsured coverage and that they knew or acted in culpable ignorance as to the truth or falsity of their representations. A person may justifiably rely on representations where the parties did not have equal knowledge or means of knowledge of the facts (*Perlman v. Time, Inc.* (1978), 64 Ill. App. 3d 190, 380 N.E.2d 1040), and the right to rely is a question of fact which cannot be decided on a motion to dismiss (*Duhl v. Nash Realty Inc.* (1981), 102 Ill. App. 3d 483, 429 N.E.2d 1267). Additionally, plaintiffs alleged an intent to deceive and injure. For these reasons, we find that plaintiffs pleaded the necessary elements of fraud and the complaint should not have been dismissed.

■■ We further find that count II states a cause of action for violation of section 2 of the Uniform Deceptive Trade Practices Act (uniform act) (Ill. Rev. Stat. 1983, ch. 121½, par. 312). This section of the uniform act was incorporated into section 2 of the Consumer Fraud and Deceptive Business Practices Act (Ill. Rev. Stat. 1983, ch. 121½, par. 262). Through the incorporation, the legislature clearly intended to provide consumers with broader protection than initially provided under either act individually and to allow consumers to seek remedies for deceptive practices under the uniform act.

The pertinent sections of the uniform act provide:

> "A person engages in a deceptive trade practice when, in the course of his business, vocation or occupation, he:

> * * *

> (5) represents that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits or quantities that they do not have or that a person has a sponsorship, approval, status, affiliation or connection that he does not have;

> * * *

(12) engages in any other conduct which similarly creates a likelihood of confusion or of misunderstanding.

In order to prevail in an action under this Act, a plaintiff need not prove competition between the parties or actual confusion or misunderstanding." (Ill. Rev. Stat. 1983, ch. 121½, pars. 312(5), 312(12).)

In actions based on the uniform act, plaintiffs need only allege and prove that a person, during the course of business operations, engaged in a deceptive practice listed in the act, and plaintiffs are not required to show any actual confusion or misunderstanding. (*Williams v. Bruno Appliance & Furniture Mart, Inc.* (1978), 62 Ill. App. 3d 219, 379 N.E.2d 52.) Clearly, representations and statements that a product or service has benefits that it does not have are actionable under subsection 5. Additionally, a failure to inform has been held to be actionable under subsection 12 which, as noted above, prohibits conduct which creates a likelihood of confusion or misunderstanding. *People ex rel. Hartigan v. Maclean Hunter Publishing Corp.* (1983), 119 Ill. App. 3d 1049, 457 N.E.2d 480.

Here, plaintiffs' allegations that defendants misrepresented the nature of underinsured coverage were sufficient to state a cause of action under sections 2(5) and 2(12) of the uniform act. Also, the allegations regarding defendants' failure to inform and their omission of fact pertaining to the limited coverage states a cause of action under subsection 12.

Regarding counts I and II of the complaint, defendants argue they cannot be held responsible for any misconduct in offering the underinsured coverage because they were required by law to offer it and the insureds were permitted to reject the coverage. However, legislative approval of the coverage does not give insurers a license to sell such coverage in a deceptive or misleading manner. Plaintiffs have complained about the manner in which the coverage was sold, not the coverage itself. Additionally, the right to reject the offer of underinsured coverage would not relieve defendants of any culpability. Instead, plaintiffs' acceptance would be a relevant factor in determining reliance on defendants' representations.

Defendants further contend that the language of the policy is clear and unambiguous and that the insureds therefore cannot complain about the nature and extent of coverage. Defendants cite *Menke v. Country Mutual Insurance Co.* (1980), 78 Ill. 2d 420, 401 N.E.2d 539, and *Carini v. Allstate Insurance Co.* (1983), 113 Ill. App. 3d 202, 446 N.E.2d 1221, in support of their argument. However, both cases are distinguishable in that the plaintiffs therein did not allege in their

complaints that representations other than those contained in the contracts were made. The courts in *Menke* and *Carini* held that the plaintiffs' subjective intent was not a basis for a cause of action where the policies were unambiguous. (*Menke v. Country Mutual Insurance Co.* (1980), 78 Ill. 2d 420, 425, 401 N.E.2d 539, 542; *Carini v. Allstate Insurance Co.* (1983), 113 Ill. App. 3d, 205, 446 N.E.2d, 1223.) In this case, plaintiffs pleaded more than a misunderstanding of the policy provisions. They alleged that statements and representations contrary to the policy provisions were made by defendants and that they relied on the statements in purchasing the underinsured coverage. Neither *Menke* nor *Carini* held that false statements or promises would be actionable.

Count III of the complaint is predicated on an alleged violation of section 149 of the Illinois Insurance Code (Ill. Rev. Stat. 1983, ch. 73, par. 761) which prohibits, *inter alia*, misrepresentations as to terms, benefits or advantages of policies. For the following reasons, we find this count was properly dismissed.

In *Hamilton v. Safeway Insurance Co.* (1982), 104 Ill. App. 3d 353, 432 N.E.2d 996, plaintiffs alleged a violation of section 154.6 of the Illinois Insurance Code (Ill. Rev. Stat. 1983, ch. 73, par. 766.6) and sought injunctive relief, the appointment of a receiver and an order of liquidation or rehabilitation. The court held that in enacting section 155 of the Code (Ill. Rev. Stat. 1983, ch. 73, par. 767), the legislature preempted the field of remedies available to an insured for the improper claims practices prohibited in section 154.6. Section 155 only provided for compensatory damages and did not include the relief sought by plaintiffs.

The penalty provision at issue in this case provides:

"(5) Any company, officer, director, agent, clerk or employee thereof, broker, or other person who violates any of the provisions of this section, or knowingly participates in or abets such violation, shall be guilty of a business offense and shall be required to pay a penalty of not less than one hundred dollars, nor more than one thousand dollars, to be recovered in the name of the People of the State of Illinois by the State's Attorney of the county in which the violation occurs and the penalty so recovered shall be paid into the county treasurer." (Ill. Rev. Stat. 1983, ch. 73, par. 761(5).)

We hesitate to imply a private right of action in view of the language of the section. Following the reasoning of the court in *Hamilton*, we find the legislature preempted the remedies available for a violation of section 149. If the legislature had intended to allow a private action

for compensatory damages for a violation of section 149, it would have specifically provided therefor as it did in section 155. *Hamilton v. Safeway Insurance Co.* (1982), 104 Ill. App. 3d 353, 432 N.E.2d 996, citing *Brooks v. Midas-International Corp.* (1977), 47 Ill. App. 3d 266, 361 N.E.2d 815.

Plaintiffs also contend the trial court erred in failing to address their motion for class certification. However, the preliminary inquiry in class actions is whether the complaint states a cause of action. (*Schlessinger v. Olsen* (1981), 86 Ill. 2d 314, 427 N.E.2d 122; *Landesman v. General Motors Corp.* (1978), 72 Ill. 2d 44, 377 N.E.2d 813.) The question of certification warrants consideration only if the court determines that a valid cause of action has been stated. (*Schlessinger v. Olsen* (1981), 86 Ill. 2d 314, 427 N.E.2d 122; *Landesman v. General Motors Corp.* (1978), 72 Ill. 2d 44, 377 N.E.2d 813.) Accordingly, we find the trial court properly ruled on the sufficiency of the complaint before reaching the certification issue.

In summary, we affirm the dismissal of all counts of the complaint as to those defendants with which plaintiffs had no dealings. Regarding the defendants from which the named plaintiffs purchased their policies, we affirm the dismissal of count III of the complaint, but reverse and remand for further proceedings on counts I and II.

Judgment affirmed in part, reversed in part: cause remanded.

BUCKLEY, P.J., and GOLDBERG, J., concur.