**MID AMERICA HOTEL CORPORA-TION, an Illinois corporation, Harold Beider and Marlys A. Beider, Plaintiffs,**

v.

**Simon L. BERNSTEIN and Ted S. Bernstein, both individually and d/b/a National Service Association, Assured Enterprises, Ltd., an Illinois corporation, S.B. Lexington, Inc., an Illinois corporation, and American National Bank and Trust Company of Chicago, Defendants.**

No. 87 C 1767.

United States District Court, N.D. Illinois, E.D.

July 7, 1987.

Howard M. Cohen, Stuart M. Widman, Much Shelist Freed, Denenberg Ament & Eiger, P.C., Chicago, Ill., for plaintiffs.

Henry deVos Lawrie, Jr., Glen H. Kanwit, Fredric S. Singerman, Hopkins & Sutter, David A. Novoselsky, David A. Novoselsky & Associates, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

NORDBERG, District Judge.

Plaintiffs' six count complaint alleges that defendants' conduct in establishing and maintaining plaintiffs' § 501(c)(9) employee death benefit plan and trust violated the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001 et seq. (Count I); the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962 (Count II); the Illinois Insurance Code, Ill.Rev.Stat. ch. 73, §§ 761, 1031 (Count III); the Illinois Consumer Fraud and Deceptive Practices Act, Ill.Rev.Stat. ch. 121½, § 262 (Count IV); and constitutes a breach of defendants' fiduciary duties (Count V) and fraud (Count VI). Defendants Simon Bernstein, Ted Bernstein, National Service Association, Assured Enterprises, Ltd., and S.B. Lexington, Inc. have moved to dismiss Counts III, IV, V and VI of the complaint on the ground that they are preempted by ERISA, 29 U.S.C. § 1144. The plaintiffs have indicated that they will not respond to this motion. For the following reasons, the court finds that these claims are preempted by ERISA, and grants defendants' motion to dismiss.

### Preemption Under ERISA

ERISA contains a broad, explicit provision relating to preemption, which provides:

> Except as provided in subsection (b) of this section, the provisions of this subchapter and subchapter II of this chapter shall supercede any and all State laws insofar as they may now and hereafter relate to any employee benefit plan described in Section 1003(a) of this title and not exempt under Section 1003(b) of this title.

29 U.S.C. § 1144(a). This section has been characterized as one of "unparallelled breadth," *Holland v. Burlington Industries, Inc.*, 772 F.2d 1140, 1147 (4th Cir. 1985), aff'd, —— U.S. ——, 106 S.Ct. 3267, 91 L.Ed.2d 559 (1986). The Supreme Court has held that "[t]he only relevant state laws, or portions thereof, that survive this preemption provision are those relating to plans that are themselves exempted from ERISA's scope." *Alessi v. Raybestos-Manhattan, Inc.*, 451 U.S. 504, 523 n. 20, 101 S.Ct. 1895, 1906 n. 20, 68 L.Ed.2d 402 (1981).

In *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 96–97, 103 S.Ct. 2890, 2900, 77 L.Ed.2d 490 (1983), the Supreme Court discussed the meaning of § 1144(a)'s "relating to" language:

> A law 'relates to' an employee benefit plan in the normal sense of the phrase, if it has a connection with or reference to such a plan. ... Congress used the words 'relate to' in § 1144(a) in their broad sense. To interpret § 1144(a) to preempt only state laws specifically designed to affect employee benefit plans would be to ignore the remainder of [§ 1144].

The Court recently reiterated this broad reading of the preemptive scope of § 1144(a) in *Pilot Life Insurance v. Dedeaux*, —— U.S. ——, 107 S.Ct. 1549, 1552–53, 95 L.Ed.2d 39 (1987). This expansive interpretation of the phrase "relates to" is fully consistent with Congress' underlying

**386**

intent in enacting ERISA. *See Hewlett Packard v. Barnes,* 425 F.Supp. 1294 (N.D. Cal.1977), *aff'd,* 571 F.2d 502 (9th Cir.), *cert. denied,* 439 U.S. 831, 99 S.Ct. 108, 58 L.Ed.2d 125 (1978) (providing a comprehensive discussion of the legislative history underlying Section 1144). When drafting § 1144(a), Congress rejected a narrower provision which would have preempted only state laws which directly dealt with ERISA plans. *See Pilot Life,* 107 S.Ct. at 1552; *Shaw,* 463 U.S. at 98–100, 103 S.Ct. at 2900–2901. The broad preemption provision furthers one of Congress' major policy objectives in enacting ERISA—uniform federal laws regulating employee benefit plans. *Holland v. Burlington Industries, Inc.,* 772 F.2d 1140, 1147 (4th Cir.1985), *aff'd,* —— U.S. ——, 106 S.Ct. 3267, 91 L.Ed.2d 559 (1986). *See also Authier v. Ginsberg,* 757 F.2d 796 (6th Cir.), *cert. denied,* 474 U.S. 888, 106 S.Ct. 208, 88 L.Ed.2d 177 (1985).

■ Plaintiffs' four state law claims concern the same activity that is the subject of Count I, their ERISA claim. Basically, they allege that defendants fraudulently induced them to establish an employee death benefit plan and trust, and that defendants breached their fiduciary duties by "churning" the trust assets between various insurance companies, thereby diminishing the cash value of the trust. Following the Supreme Court's expansive reading of § 1144(a) in *Alessi, Shaw* and *Pilot Life,* the court finds that plaintiffs' state law claims set forth in Counts III–VI of the amended complaint "relate to" their employee benefit plan and are preempted by § 1144(a) of ERISA. *See Hollenbeck v. Falstaff Brewing Corp.,* 605 F.Supp. 421, 429 (E.D.Mo.1984), *aff'd,* 780 F.2d 20 (8th

Cir.1985); *Ovitz v. Jeffries & Co., Inc.,* 574 F.Supp. 488, 490–91 (N.D.Ill.1983).*

---

* 29 U.S.C. § 1144(b)(2)(A) provides that state laws "regulating insurance" are not preempted by § 1144(a). *See generally Pilot Life,* 107 S.Ct. at 1553–55. It is not clear whether Count III, which alleges a violation of the Illinois insurance Code, falls within this statutory savings clause. However, even if this claim is not within the preemptive scope of § 1144(a), it is still subject to dismissal because the Illinois courts do not recognize a private right of action for alleged violations of §§ 761 and 1031 of the Insurance Code. Section 761 prohibits misrepresentations as to terms, benefits or advantages of policies, and § 1031 defines deceptive acts or practices prohibited by § 761. In *Glazewski v. Allstate Ins. Co.,* 126 Ill.App.3d 401, 81 Ill.Dec. 349, 466 N.E.2d 1151 (1984), *aff'd in part, rev'd in part on other grounds,* 108 Ill.2d 243, 91 Ill.Dec. 628, 483 N.E.2d 1263 (1985), the Illinois Appellate Court held that a plaintiff has no private right of action for alleged violations of § 761 of the Insurance Code. *See also Elrad v. United Life and Accident Insurance Co.,* 624 F.Supp. 742, 744 (N.D.Ill.1985).