JAMES EIPERT *et al.*, on behalf of themselves and all others similarly situated, Plaintiffs-Appellants, v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant-Appellee.

First District (5th Division) No. 1—87—3701

Opinion filed September 29, 1989.

Ambrose & Cushing, P.C., of Chicago (F. John Cushing III, of counsel), for appellants.

James J. Hoffnagle, of Taylor, Miller, Sprowl, Hoffnagle & Merletti, of Chicago, for appellee.

JUSTICE LORENZ delivered the opinion of the court:

Plaintiffs appeal from the dismissal of their amended class action complaint for failure to state a cause of action under section 2—615 of

the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—615). Plaintiffs raise two issues: (1) whether defendant was required to provide underinsured motorist coverage in an insurance policy when uninsured motorist coverage was purchased in the minimum statutory amount; and (2) whether underinsured motorist coverage was implied by law in a policy if defendant failed to offer the insured an opportunity to purchase such coverage prior to July 1, 1983. For the following reasons, we affirm.

The amended two-count complaint alleged the following facts. Plaintiff Charles Eipert had an automobile insurance policy with defendant, State Farm Mutual Automobile Insurance Company, since prior to July 1, 1983, which was renewed every six months. The policy had coverage limits of $100,000 per person and $300,000 per occurrence for liability, and although plaintiffs do not specifically allege this, it can be inferred from the complaint that the policy had limits of $15,000/$30,000 for uninsured motorist coverage. The policy never contained underinsured motorist coverage.

On August 19, 1984, Eipert's son, James, was a passenger on a motorcycle that was involved in an accident. The driver of the motorcycle was at fault, and his insurance policy limits were $15,000/$30,000. James' medical bills were more than $20,000, which exceeded the at-fault driver's policy limits. Eipert's policy did not cover James' medical bills because it did not include a provision for underinsured motorist coverage.

In count I of the amended complaint, plaintiffs alleged that section 143a—2(5) of the Illinois Insurance Code (Ill. Rev. Stat. 1985, ch. 73, par. 755a—2(5) (repealed by Pub. Acts 81—999, §4.4, 83—230, §4, eff. Dec. 31, 1989)) required underinsured motorist coverage on all policies issued or renewed after July 1, 1983. Plaintiffs alleged that defendant did not comply with the Code because underinsured motorist coverage was not included in their policies.

In count II, plaintiffs alleged that section 143a—2(3) (Ill. Rev. Stat. 1985, ch. 73, par. 755a—2(3) (repealed by Pub. Acts 81—999, §4.4, 83—230, §4, eff. Dec. 31, 1989)) required defendant to offer underinsured motorist coverage between March 1, 1980, and July 1, 1983. The complaint alleged that during the time period, defendant did not offer Eipert underinsured motorist coverage and he did not reject such coverage. Plaintiffs alleged that as a result, underinsured motorist coverage was implied by law in his policy until July 1, 1983. Plaintiffs further alleged that after July 1, 1983, defendant changed the underinsured motorist coverage implied by law in the policy without advising Eipert that the coverage was no longer included in the

policy. This change was effected without complying with the terms of the policy relevant to changes in policy provisions.

Defendant moved to dismiss plaintiffs' amended complaint for failure to state a cause of action. The trial court granted the motion, finding that: (1) section 143a—2(5) did not require defendant to provide underinsured motorist coverage when the uninsured motorist coverage was purchased at the statutory minimum level of $15,000/30,000; and (2) the underinsured motorist coverage was not implied by law in the policy because the loss did not occur prior to July 1, 1983. Plaintiffs now appeal.

OPINION

■ In reviewing the dismissal of an action under section 2—615, the court must accept all well-pled facts and reasonable inferences from plaintiff's complaint as true. (*Logsdon v. Shelter Mutual Insurance Co.* (1986), 143 Ill. App. 3d 957, 493 N.E.2d 748.) The complaint must be liberally construed and the dismissal should not be affirmed if it indicates "a possibility of recovery." *Glazewski v. Allstate Insurance Co.* (1984), 126 Ill. App. 3d 401, 407, 466 N.E.2d 1151, 1155, *aff'd in part and rev'd in part sub nom. Glazewski v. Coronet Insurance Co.* (1985), 108 Ill. 2d 243, 483 N.E.2d 1263.

Concerning the dismissal of count I, the issue involved is whether under section 143a—2(5) an insurance company must provide underinsured motorist coverage when uninsured motorist coverage is purchased at the statutory minimum level of $15,000/$30,000. Section 143a—2(5) provides:

"(5) On or after July 1, 1983, no policy insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance or use of a motor vehicle shall be renewed or delivered or issued for delivery in this State with respect to any motor vehicle registered or principally garaged in this State *unless underinsured motorist coverage is included in such policy in an amount at least equal to the total amount of uninsured motorist coverage provided in that policy where such uninsured motorist coverage exceeds the limits set forth in Section 7—203 of the Illinois Vehicle Code.*" (Emphasis added.) (Ill. Rev. Stat. 1985, ch. 73, par. 755a—2(5).)

At the time in question, section 7—203 of the Illinois Vehicle Code provided that every automobile insurance policy had bodily injury coverage of at least $15,000/$30,000. Ill. Rev. Stat. 1985, ch. 95½, par. 7—203.

Plaintiffs argue that section 143a—2(5) requires every policy issued, delivered, or renewed after July 1, 1983, to include underinsured motorist coverage in an amount greater than the uninsured motorist coverage when the uninsured motorist coverage is at the statutory minimum of $15,000/$30,000.

Plaintiffs rely on the appellate court opinion in *Glazewski* (126 Ill. App. 3d 401, 466 N.E.2d 1151), where plaintiffs filed a class action against certain insurance companies on behalf of all persons who purchased underinsured motorist coverage in the statutory minimum amounts of $15,000/$30,000. Plaintiffs alleged that the insurance companies knew but did not disclose that underinsured motorist coverage in the minimum amounts would not provide additional coverage for accidents occurring in Illinois with another Illinois motorist. Plaintiffs further alleged that the insurance companies' representations and omissions created the impression that such coverage had value. The trial court dismissed the complaint for failure to state a cause of action.

The appellate court reversed, noting that underinsured motorist coverage purchased in the minimum amount was "illusory." (*Glazewski*, 126 Ill. App. 3d at 408, 466 N.E.2d at 1156.) The court explained that insurance companies can limit an insured's recovery to the difference between the amount recoverable under the at-fault driver's policy and the maximum limit of the insured's underinsured motorist coverage. (Ill. Rev. Stat. 1985, ch. 73, par. 755a—2(3).) Therefore, if the at-fault driver was insured, he would have liability coverage in at least the statutory minimum amount of $15,000/ $30,000, and if the insured had underinsured motorist coverage in the minimum amount of $15,000/$30,000, the insured could not recover under his underinsured motorist coverage. If the at-fault driver was not insured, the insured would recover under his uninsured motorist coverage rather than his underinsured motorist coverage. The result, the court concluded, was that "underinsured coverage in the minimum limits of 15/30 is indeed illusory because it would never be payable when recovery is sought from another Illinois motorist." *Glazewski*, 126 Ill. App. 3d at 407-08, 466 N.E.2d at 1156.

In the present case, plaintiffs rely on the analysis in *Glazewski* and assert that to avoid illusory coverage, section 143a—2(5) must necessarily require underinsured motorist coverage in an amount greater than $15,000/$30,000 when uninsured motorist coverage is purchased in the statutory minimum amount of $15,000/$30,000.

Defendant contends that under the section, underinsured motorist coverage is not required when uninsured motorist coverage is pur-

chased at the statutory minimum amount of $15,000/$30,000.

■■ The resolution of the issue is dependent on statutory construction. The cardinal rule in statutory interpretation is to ascertain and give effect to the legislature's intent. (*Stewart v. Industrial Comm'n* (1987), 115 Ill. 2d 337, 504 N.E.2d 84.) The language of the statute is the primary source for ascertaining legislative intent. *Board of Trustees v. Taylor* (1983), 114 Ill. App. 3d 318, 448 N.E.2d 1171.

■■ The language of the statute clearly states that when an insured purchases uninsured motorist coverage over the statutory minimum amount, the insurance company must provide underinsured motorist coverage in at least the same amount. There is no language in the statute to indicate that when uninsured motorist coverage is purchased at the statutory minimum amount, underinsured motorist coverage must be provided. Further, there is certainly no language in the statute to indicate that underinsured motorist coverage must be provided in an amount greater than uninsured motorist coverage when uninsured motorist coverage is purchased in the statutory minimum amount. The language of the statute indicates the legislature intended that an insurance company is only required to provide underinsured motorist coverage when uninsured motorist coverage is purchased above the statutory minimum amount. Accordingly, the trial court properly dismissed count I of plaintiffs' complaint.

Next, plaintiffs argue that count II of their complaint was also improperly dismissed. In count II, plaintiffs alleged that defendant did not offer Eipert underinsured motorist coverage between March 1, 1980, and July 1, 1983, as required under section 143a—2(3). Plaintiffs alleged that as a result, underinsured motorist coverage was implied by law in Eipert's policy. Further, they alleged that after July 1, 1983, defendant changed the policy by eliminating the previously implied-by-law underinsured motorist coverage without complying with the terms of the policy to effect that change.

Section 143a—2(3) provides that until July 1, 1983, insurance companies were required to offer underinsured motorist coverage in every policy "renewed or delivered or issued for delivery." (Ill. Rev. Stat. 1985, ch. 73, pars. 755a—2(1), (3).) After July 1, 1983, such coverage is mandatory in all policies where uninsured motorist coverage is purchased above the statutory minimum limits. (Ill. Rev. Stat. 1985, ch. 73, par. 755a—2(5).) In the present case, Eipert purchased uninsured motorist coverage in the statutory minimum amount of $15,000/$30,000.

An offer of underinsured motorist coverage under section 143a—2(3) required that the insurance company "provide the insured with

enough information regarding underinsured-motorist coverage to allow the insured to make an intelligent decision of whether such coverage should be elected or rejected." (*Cloninger v. National General Insurance Co.* (1985), 109 Ill. 2d 419, 425, 488 N.E.2d 548, 550.) When an insurance company has failed to make a proper offer of underinsured motorist coverage, some courts have found that the coverage was implied by law into the policy. *Logsdon v. Shelter Mutual Insurance Co.* (1986), 143 Ill. App. 3d 957, 493 N.E.2d 748; *Tucker v. Country Mutual Insurance Co.* (1984), 125 Ill. App. 3d 329, 465 N.E.2d 956.

Defendant argues the trial court was correct when it decided that underinsured motorist coverage could not be implied by law in Eipert's policy because the accident occurred after July 1, 1983, which was the date insurance companies were no longer required to make an offer of underinsured motorist coverage under section 143a—2(3). Defendant relies on *Logsdon* and *Tucker*, where underinsured motorist coverage was implied by law in insurance policies for accidents that occurred prior to July 1, 1983.

After briefs were filed in this case, *Petersen v. Allstate Insurance Co.* (1988), 171 Ill. App. 3d 909, 525 N.E.2d 1094, was decided, which contradicts defendant's argument. In *Petersen*, plaintiffs were insured with defendant since May of 1976 and the policy was renewed every six months. The policy had uninsured motorist coverage in the amount of $15,000/$30,000 but did not include underinsured motorist coverage. One of the plaintiffs was involved in an accident on November 6, 1984, with an underinsured motorist. Plaintiffs sought to reform their policy to include underinsured motorist coverage based on defendant's failure to make a proper offer of underinsured motorist coverage under section 143a—2(3). Defendant moved for summary judgment, and the trial court examined an offer made on September 30, 1983, concerning the renewal of plaintiffs' policy on November 1, 1983. The court found that the offer complied with section 143a—2(3) and that defendant's failure to make a previous offer, presumably one before July 1, 1983, was not relevant. Defendant's motion for summary judgment was granted. The appellate court, however, reversed and found that the offer was not proper.

The facts in *Petersen* are very similar to the case presented. In both cases, the plaintiffs' insurance policies had uninsured motorist coverage in the amount of $15,000/$30,000 but did not include underinsured motorist coverage. Also, the policies in question were renewed after July 1, 1983, and the accidents occurred after that date. The issue we must consider, which was not addressed in *Petersen*, is whether an insurance company's failure to make a proper offer under

section 143a—2(3) can affect policies issued or renewed after July 1, 1983.

■■ When an insurance policy is issued or renewed, applicable statute provisions in effect at the time are treated as part of the policy. (*Boyd v. Madison Mutual Insurance Co.* (1986), 146 Ill. App. 3d 420, 496 N.E.2d 555, *aff'd* (1987), 116 Ill. 2d 305, 507 N.E.2d 855.) Each time a policy is renewed it results in a new contract for purposes of incorporating statutory provisions into the policy. *Thieme v. Union Labor Life Insurance Co.* (1956), 12 Ill. App. 2d 110, 138 N.E.2d 857.

In this case, Eipert's policy was renewed every six months since prior to July 1, 1983. Because the accident occurred on August 19, 1984, the earliest date his policy could have been renewed prior to the accident was February 19, 1984.

■■ At the time Eipert's policy was renewed, insurance companies were required to offer uninsured motorist coverage in an amount up to the insured's bodily injury liability limits. (Ill. Rev. Stat. 1985, ch. 73, par. 755a—2(1).) The insured was entitled to elect or reject the additional offer of uninsured motorist coverage. (Ill. Rev. Stat. 1985, ch. 73, par. 755a—2(2).) Lastly, all policies were required to include underinsured motorist coverage only when uninsured motorist coverage was purchased in an amount above the statutory minimum level of $15,000/$30,000. (Ill. Rev. Stat. 1985, ch. 73, par. 755a—2(5).) Plaintiffs, in count II of their complaint, did not allege a violation of any of these statutory sections. Rather, plaintiffs relied on section 143a—2(3), which was in effect on the renewal date; however, by its own terms it no longer required insurance companies to offer underinsured motorist coverage. The section imposed that requirement on policies issued, renewed or delivered until July 1, 1983. Accordingly, section 143a—2(3) was not applicable to Eipert's policy and the trial court properly dismissed count II of plaintiffs' complaint for failure to state a cause of action.

Affirmed.

MURRAY, P.J., and COCCIA, J., concur.