**BRANDYWINE VOLKSWAGEN, LTD.,**
**Appellant,**

v.

**STATE of Delaware, DEPARTMENT OF COMMUNITY AFFAIRS AND ECONOMIC DEVELOPMENT, DIVISION OF CONSUMER AFFAIRS, Appellee.**

Supreme Court of Delaware.

Nov. 15, 1973.

Joseph M. Kwiatkowski and Edward Z. Sobocinski, Wilmington, for appellant.

Jeffrey M. Weiner, Deputy Atty. Gen., Wilmington, for appellee.

HERRMANN, C. J., and CAREY and DUFFY, JJ., sitting.

DUFFY, Justice:

This is an appeal from a judgment of the Superior Court which reversed a ruling of the State Consumer Affairs Board. In re Brandywine Volkswagen, Ltd., Del. Super., 306 A.2d 24 (1973).

### I

The question on appeal is whether intent must be established in order to find "fraud" or "misrepresentation" under the provisions of 6 Del.C. § 2513, which states in part:

"§ 2513. Unlawful practice

(a) The act, use or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, or the concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise, whether or not any person has in fact been misled, deceived or damaged thereby, is an unlawful practice."

The Superior Court concluded that ". . . it is clear that the mere fact that Brandywine may not have intended to make an untrue statement is not a valid defense since it is chargeable with the information which it had received." We agree.

### II

In August 1971 Martin Lynch bought a 1970 Volkswagen from Brandywine Volkswagen, Ltd. (defendant). The evidence shows that the odometer indicated some 13,000 miles at the time of sale. Defendant had bought the car at auction and received with it New York Motor Vehicle Form MV–50 which defendant used in applying for Delaware registration. That form included an odometer reading which, although barely legible, was a five-digit number. It is undisputed that the first digit was a 2 and the last three were zeroes (thus: 2–,000).[1]

The record is clear that defendant's salesman was specifically asked about the mileage by Mr. Lynch and he responded affirmatively about the correctness of the odometer mileage.[2]

### III

The Act to protect consumers against fraudulent and deceptive merchandising practices became law in 1965.[3] 55

---

1. The second digit may have been a 1 or 7 or 9. The precise number is not significant because, at minimum, the MV–50 reading was some 50% more than the odometer reading when the car was sold to Mr. Lynch.

2. The buyer testified as follows:
"Q. You asked somebody at Brandywine Volkswagen, you actually asked them 'How many miles are on this car?'

A. Yes. I said 'Is this the true reading?'
Q. And what did they say?
A. 'Yes' . . ."

3. For a detailed and comparative analysis of the history, objectives and provisions of similar legislation enacted by various states, see Lovett, State Deceptive Trade Practice Legislation, 46 Tul.L.Rev. 724 (1972).

Del.L., Ch. 46. The purpose of the Act and the construction to be accorded it are stated in 6 Del.C. § 2512, as follows:

" § 2512. Purpose; construction

The purpose of this subchapter shall be to protect consumers and legitimate business enterprises from unfair or deceptive merchandising practices in the conduct of any trade or commerce in part or wholly in this State. It is the intent of the General Assembly that such practices be swiftly stopped and that this subchapter shall be liberally construed and applied to promote its underlying purposes and policies."

An obvious objective of the law is to raise the standards which the public has a right to expect from all business enterprises, including automobile dealers.

Turning now to the facts in this case, it is true that there is no evidence that the salesman knew about the Form MV–50 at the time he spoke to Mr. Lynch. But we agree with the lower Court that this is not controlling. Brandywine is the party charged with violation of the statute, not the salesman. And Brandywine cannot avoid its responsibility under the law by pleading the salesman's ignorance.[4] It is Brandywine's duty to see that its salesmen have whatever pertinent knowledge is chargeable to the company.

The disparity between the actual odometer reading and the mileage on the Form MV–50 should have put Brandywine on notice that the former figure may have been a significant understatement of true mileage. At this point Brandywine had a duty to investigate the matter further so that it might ascertain the facts. And that duty is not diluted by any defect in the MV–50 form. Although unauthenticated it was sufficiently formal and complete to be used by Brandywine in securing Delaware

registration for the car. Brandywine cannot rely on its validity for title purposes and at the same time deny its reliability for notice purposes (in a customer complaint case). Of the true facts as to mileage could not be found with certainty, it was Brandywine's duty to disclose to the customer what it knew. It neither investigated nor did it disclose.

We hold that defendant's failure to disclose what it knew constituted a "misrepresentation" under the circumstances of this case. Brandywine's misrepresentation was made with intent that Mr. Lynch rely upon it and he did so. Hence, Brandywine's conduct was an unlawful practice in violation of 6 Del.C. § 2513.

The judgment of the Superior Court is affirmed.

---

4. Under a statute almost identical to 6 Del. C. § 2513, it has been held that an employer was ultimately responsible for prohibited practices of its sales people. Kugler v. Romain, 110 N.J.Super. 470, 266 A.2d 144 (1970), mod. on other grounds 58 N.J. 522, 279 A.2d 640 (1971).