Julia Ann YOUNG, Individually, et al.,
Plaintiff below, Appellee Cross-
Appellant,

v.

Ellen R. JOYCE et al., Defendants below,
Appellants Cross-Appellees.

Supreme Court of Delaware.

Submitted Oct. 17, 1975.

Decided Dec. 19, 1975.

Gary W. Aber, of Biggs & Battaglia, Wilmington, for plaintiff below, appellee-cross-appellant.

Ben T. Castle, of Young, Conaway, Stargatt & Taylor, Wilmington, for defendants below, appellants-cross-appellees.

Jay H. Conner, of Conner, Daley & Erisman, Wilmington, for defendants below, appellants-cross-appellees, Donald R. Carmichael and Paul N. Brooks.

Before HERRMANN, C. J., and DUFFY and McNEILLY, JJ.

McNEILLY, Justice:

In this consumer fraud action by the purchaser of a house against the seller and real estate brokers, all parties appeal from a Superior Court jury's verdict against defendants for misrepresenting that the basement of the house did not have a water leakage problem. Defendants argue that a private cause of action may not be maintained for statutory consumer fraud, 6 Del.C. § 2513(a),[1] that cost of repairs is an improper measure of damages, and that there were insufficient grounds to justify an instruction and award of punitive damages. Plaintiff argues that the Court should have instructed that she was entitled to recover treble damages for "deceptive trade practices" in violation of 6 Del. C. § 2532(a)(12).[2]

I

Prior to purchasing the house, plaintiff, accompanied by the broker, inspected the premises and noticed a puddle of water on the basement floor. Plaintiff testified that the broker explained the source of the water as drainage from the garage overhead, but assured her that the basement was dry and had no water problem. She further

testified that she assumed this statement was factually true and, relying thereon, purchased the property. The broker verified that he told plaintiff the basement was dry and had no water problem to the best of his knowledge, but he admitted that he never investigated or asked the seller about a water problem.

After purchasing the house, plaintiff discovered that after every hard rainfall, the basement flooded with an inch or more of water, and she hired a professional waterproofing contractor to correct the problem. The contractor testified that his inspection clearly revealed that the basement had been flooding for at least one year and possibly for two or more. The seller testified that the basement never had a water problem.

The Trial Court submitted the case to the jury on theories of common law deceit and "statutory fraud" (violation of 6 Del. C. § 2513). The jury returned a verdict against all defendants for statutory fraud, and awarded compensatory and punitive damages.

II

The major question before us is whether the Consumer Fraud Act, 6 Del.C. § 2511 et seq., permits a private cause of action for damages predicated upon a violation of 6 Del.C. § 2513.

The Act, 55 Laws of Del.Ch. 46, is entitled: "AN ACT TO AMEND TITLE 6, DELAWARE CODE TO PROTECT THE CONSUMER AGAINST FRAUDULENT AND DECEPTIVE MERCHANDISING PRACTICES." It specifically

---

1. 6 Del.C. § 2513(a) provides:

(a) The act, use or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, or the concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise, whether or not any

person has in fact been misled, deceived or damaged thereby, is an unlawful practice.

2. 6 Del.C. § 2532(a)(12) provides:

(a) A person engaged in a deceptive trade practice when, in the course of his business, vocation, or occupation, he—

(12) Engages in any other conduct which similarly creates a likelihood of confusion or of misunderstanding.

covers unfair practices in the sale of real estate, 6 Del.C. § 2511(b).[3]

The Act does not specifically create a private remedy. It provides that the Attorney General may investigate violations of 6 Del.C. § 2513, enter into cease and desist agreements,[4] and proceed in the Court of Chancery to enjoin unfair practices and for other necessary relief, including the appointment of a receiver.

■ However, its primary purpose is to protect the consumer and accordingly is to be liberally construed: (6 Del.C. § 2512)

"The purpose of this subchapter shall be to protect consumers and legitimate business enterprises from unfair or deceptive merchandising practices in the conduct of any trade or commerce in part or wholly within this State. It is the intent of the General Assembly that such practices be swiftly stopped and that this subchapter shall be liberally construed and applied to promote its underlying purposes and policies."

To this end, the Act is at least in part remedial as it provides that the individual consumer harmed by a violation of § 2513 be allowed to recoup any actual losses suffered as a result of fraud or deception practiced against him. The Act specifically provides for such relief in a public action brought by the Attorney General for an injunction or appointment of a receiver, §§ 2523, 2524(c). If the aggrieved consumer may enforce his claim ancillary to a public suit, complete consumer protection as well as sound logic and reason dictate that the consumer ought to be able to enforce the same claim in his own right. This conclusion is buttressed by § 2525, which provides that: ". . . the pro-visions of this subchapter shall not bar any claim against any person who has acquired any money or property, real or personal, by means of any acts or practices declared by this subchapter to be unlawful." We believe that this section manifests a clear legislative intent that a consumer who has been damaged by a violation of § 2513 may assert a private cause of action for "statutory fraud" practiced against him, and we so hold. This result is most consistent with the purpose of the Act and with decisions from other jurisdictions which likewise interpret similar consumer fraud statutes as inferentially authorizing private causes of action. *Sellinger v. Freeway Mobile Home Sales, Inc.,* 110 Ariz. 573, 521 P.2d 1119 (1974); *Rice v. Snarlin,* 131 Ill.App.2d 434, 266 N.E.2d 183 (1970).

Accordingly, the issue of statutory consumer fraud was properly submitted to the jury.

III

■ Plaintiff's cross-appeal is without merit. 6 Del.C. § 2531 et seq. codifies the Uniform Deceptive Trade Practices Act which, in turn, codifies the common law of unfair competition, *Mars, Inc. v. Curtiss Candy Co.,* 8 Ill.App.3d 338, 290 N.E.2d 701 (1972), and therefore is inapplicable to the facts of this case.

IV

■ Defendants further argue that cost of repairs is an improper measure of damages in this case, and that there were insufficient grounds to justify an instruction and award of punitive damages. We have considered these arguments and find them to be without merit.

3. 6 Del.C. § 2511(b) provides:
   "Merchandise" means any objects, wares, goods, commodities, intangibles, real estate or services.

4. The Department of Community Affairs and Economic Development, Division of Consumer Affairs also has the power to issue cease and desist orders against violators of § 2513, 29 Del.C. § 8612; see *In re Brandywine Volkswagen, Ltd.,* Del.Super., 306 A.2d 24, aff'd *sub nom. Brandywine Volkswagen, Ltd. v. State .Dept. of Consumer Affairs,* Del. Supr., 312 A.2d 632 (1973).

## V

Finally, we hold that defendant, Ellen R. Joyce, is not covered by the Consumer Fraud Act, cannot be held liable under 6 Del.C. § 2513, and that judgment as to her must be reversed. Although § 2513 applies to "any person", which includes an "individual" under § 2511, that statute must be read in light of the stated purpose of the Consumer Fraud Act: ". . . to protect consumers and legitimate business enterprises from unfair or deceptive merchandising practices *in the conduct of any trade or commerce* . . ." While the underscored terms are not statutorily defined, we do not believe that the isolated sale of real estate by its owner, in this case, constitutes the conduct of trade or commerce. Plaintiff essentially concedes this point by admitting that Joyce was not engaged in a "business, vocation or occupation" (for purposes of relieving her from treble damage liability under 6 Del.C. § 2531 et seq.)

Affirmed, but reversed as to Ellen R. Joyce.