**Frank R. ROBERTS, III, Plaintiff,**

**v.**

**AMERICAN WARRANTY CORPORATION, a non-Delaware corporation; Colonial Chevrolet Company, and Delaware Trust Company, both Delaware corporations, Defendants.**

Superior Court of Delaware,
New Castle County.

Submitted: April 28, 1986.
Decided: June 2, 1986.

David S. Lank, of Theisen, Lank, Mulford and Goldberg, Wilmington, for plaintiff.

Richard K. Herrmann, of Bayard, Handelman & Murdoch, Wilmington, for Colonial Chevrolet Co.

TAYLOR, Judge.

This suit involved a claim by the buyer and owner of an automobile against the automobile dealer Colonial Chevrolet Company [defendant] which sold the automobile to plaintiff and which undertook to make repairs to the automobile after its purchase by plaintiff. Plaintiff claimed compensatory and punitive damages. The jury verdict in the form of answers to interrogatories found that defendant breached its duty to repair plaintiff's vehicle, that defendant engaged in a deceptive trade practice against plaintiff, that the amount of plaintiff's compensatory damages was $2,728.12, and awarded punitive damages against defendant in the amount of $2,500. Plaintiff seeks treble damages and attorney's fees pursuant to 6 *Del.C.* § 2533(b) and (c).

## I

Defendant contends that the Uniform Deceptive Trade Practice Act, 6 *Del.C.* § 2531 et seq., does not apply to a claim made by a consumer. Defendant cites *Stephenson v. Capano Development Inc.,* Del.Supr., 462 A.2d 1069 (1983) and *Young v. Joyce,* Del.Supr., 351 A.2d 857 (1975). Both *Stephenson* and *Young* involved misrepresentations in connection with the sale of real estate and both held that the sale of real estate was not covered by the Uniform Deceptive Trade Practice Act. Neither case held or indicated that a claim by a consumer of goods or services is precluded from the protection of that Act.

Defendant cites various provisions of 6 *Del.C.* § 2532 in support of the proposition that the objective of the Act was to protect the business community. It refers to engaging in certain conduct with respect to goods and services as a deceptive trade practice in paragraphs of § 2532(a):

(1) passing off as goods of another,

(4) misrepresentations as to geographic origin,

(5) misrepresentations as to sponsorship, approval, characteristics, ingredients, uses, benefits or quantities.

None of these enumerations indicates that the "passing off" or misrepresentation was prohibited exclusively to prevent businesses from suffering loss. Generally antifraud provisions are designed for the protection of anyone who would otherwise be injured by the prohibited conduct. The same observations apply to defendant's reference to § 2532(a)(2), (3), (5), (10), and (12). It cannot be accepted that the legislature intended to prevent various deceptions of the public but intended not to permit a remedy to be exercised by the deceived members of the public.

Certain provisions of the Act do not support a restrictive construction. § 2532(b) provides "a complainant need not prove competition between the parties or actual confusion or misunderstanding", indicating a liberal application to claimants. § 2532(c) provides that that section "does not affect

unfair trade practices otherwise actionable at common law or under other statutes of this State".

The Delaware Uniform Deceptive Trade Practices Act does not specify who may recover for violation of the Act nor does it by its terms limit or define the class protected by the Act. It will be noted that the word "person", defined in § 2531, gives full breadth to that word and contains no limitation. If the draftsman had intended the definition to be restricted to those whose business relations are interfered with, such limitation could easily have been inserted.

■ It is clear that in order for a person to violate the Delaware Uniform Deceptive Trade Practices Act he must have been involved in trade. However, the content of the Act does not limit the class protected by the Act. Therefore, those who are damaged by violation of § 2531 may seek damages for that violation whether they engage in trade or are members of the consuming public.

It is of significance that neither the statute, nor the Uniform State Laws Commissioners' prefatory note, nor the comments at the end of the sections address the question of who were entitled to recover for damages resulting from the enumerated deceptive trade practices. No court decision has been cited which prohibited a non-business consumer from seeking such damage. Plaintiff has cited decisions under statute in Illinois and Oregon patterned after the Uniform Deceptive Practice Act which have permitted suits for public consumers based on deceptive trade practices. *Denson v. Ron Tonkin Gran Turismo, Inc.*, Or.Supr., 279 Or. 85, 566 P.2d 1177 (1977); *Searcy v. Bend Garage Co.*, Or. Supr., 286 Or. 11, 592 P.2d 558 (1979); *Garland v. Mobil Oil Corp.*, N.D.Ill., 340 F.Supp. 1095 (1972); *People ex rel. Hartigan v. Maclean Hunter Pub. Co.*, Ill.App., 119 Ill.App.3d 1049, 75 Ill.Dec. 486, 457 N.E.2d 480 (1983); *Glazewski v. Allstate Ins. Co.*, Ill.App., 126 Ill.App.3d 401, 81 Ill.Dec. 349, 466 N.E.2d 1151 (1984).

Defendant contends that the objective of the Uniform Deceptive Practices Act was to codify the law of unfair competition and thereby provide protection for competing businesses. It is clear that that is an objective of the Act, but it cannot be said that it was the sole objective. As the Court has noted above, the statutory language shows no intention to exclude the consuming public from the protection of the Act. It is also true that Subchapter II of Chapter 25, title 6 *Del.C.* specifically mentions "Consumer Fraud". That statute (which does not appear to be a "uniform" statute) designated the protected parties to be "consumers and legitimate business enterprises". In contrast, the Delaware Uniform Deceptive Practices Act mentions no protected parties. In the absence of such designation or other clear indication within the context of the statute, the Court will consider the statute to be available to protect any person who has been damaged as a result of the prohibited conduct. Accordingly, I find that plaintiff is entitled to the benefit of Subchapter II of Chapter 25, title 6 *Del.C.*

## II

■ Plaintiff's claim for treble damages rests on 6 *Del.C.* § 2533(c), which reads (in pertinent part):

> ... If damages are awarded to the aggrieved party under the common law or other statutes of this state, such damages awarded shall be treble the amount of actual damages proved.

The jury's verdict was rendered by answers to interrogatories. The jury's answer to the question "Do you find by a preponderance of the evidence that defendant Colonial Chevrolet Company engaged in a deceptive trade practice against the plaintiff Frank L. Roberts III?" was "Yes". I find that verdict was amply supported by the evidence.

The jury also awarded punitive damages of $2,500 against Colonial Chevrolet. The Court's instruction stated that any award

of punitive damages was to be confined to "any misrepresentation which you find Colonial made to plaintiff concerning the extent of service protection which plaintiff was to receive upon purchasing the car." The interrogatory in which the jury found plaintiff to be entitled to punitive damages referred to Interrogatory No. 5 or 6. The answer to Interrogatory No. 5 found no consumer fraud. Therefore, the punitive damage finding only referred Interrogatory No. 6, which referred to deceptive trade practice.

Defendant contends that if plaintiff is entitled to treble damages under 6 *Del.C.* § 2533, it should not be required to pay common law punitive damages also. I conclude that the provision for treble damages is a form of punitive damages and that plaintiff should not be entitled to both the statutory treble damages and the awarded punitive damages. Accordingly, the total damages to be allowed will be treble the jury's find of compensatory damages of $2,712.28, making a total of $8,136.84.

### III

■ Plaintiff also contends that he should be awarded attorney's fees under 6 *Del.C.* § 2533(b). Defendant points out that under that section attorney's fees can only be assessed if there is a finding that defendant has wilfully engaged in a deceptive trade practice.

It has been noted above that the jury found that Colonial engaged in a deceptive trade practice involving the protection afforded by the warranty and that that deception was wilful or wanton conduct. For purposes of determining whether plaintiff is entitled to recover attorney's fees from Colonial, it must be determined whether Colonial wilfully engaged in the deception.

The testimony is clear that the sales manager of Colonial represented that the service protection which Colonial was providing in conjunction with the sale of the used car to plaintiff was protection against major repairs to the car. The warranty protection which it provided was far less,

and Colonial as the agent who issued the warranty policy had to have known the untruth from a reading of the policy. The jury in finding punitive damages based on a deceptive trade practice found that Colonial misrepresented the extent of the service protection which plaintiff was to receive upon purchasing the used car. The representation related to the protection provided by the service warranty. Since that warranty was issued by Colonial, the only reasonable conclusion is that Colonial knew that the warranty did not provide the protection as represented and therefore the deceptive trade practice which the jury found that Colonial had engaged in was done wilfully. Accordingly, plaintiff is entitled to an award of costs and reasonable attorney's fees.

■ With respect to the amount to be awarded to plaintiff as attorney's fees, the jury trial lasted three days and plaintiff's attorneys have submitted four post-trial letter memoranda totaling thirteen pages. An issue involved here, namely, the right of member of the consuming public to seek redress under the Delaware Uniform Deceptive Trade Practices Act, was litigated for the first time. Plaintiff's attorneys' affidavit shows that they spent 88 hours on this case for which they seek an hourly rate of $65, making a total claim of $5,700. After considering the factors contemplated by Delaware Lawyer's Code of Professional Responsibility DR2–106(B) and *Husband S. v. Wife S.*, Del.Supr., 294 A.2d 89, 93 (1972). I conclude that this amount is a reasonable allowance and that amount is awarded to be paid by Colonial.

■ With respect to plaintiff's claim for interest, plaintiff is entitled to interest on the compensatory damages determined by the jury verdict of $2,700 from the date of Colonial's last work on the car, interest to be compiled at the rate according to *Rollins Environmental, etc. v. WSMW Industries*, Del.Super., 426 A.2d 1363 (1980).

Costs are to be paid by Colonial.

**1136**

Plaintiff shall submit an order in conformity herewith.