**Michelle HELLER, Plaintiff,**

**v.**

**DOVER WAREHOUSE MARKET, INC. and B. Green & Company, Inc., Defendants.**

Superior Court of Delaware, Kent County.

Submitted: April 14, 1986.
Decided: June 17, 1986.

---

John S. Grady, Dover, for plaintiff.

H. Russell Smouse and Ransom J. Davis of Melnicove, Kaurman, Weiner & Smouse, P.A., Baltimore, Md., and Gary F. Dalton and Donna Lee Harpster of Prickett, Jones, Elliott, Kristol & Schnee, Dover, for defendants.

RIDGELY, Judge.

Plaintiff, Michelle Heller, has brought this civil action for damages against defendants alleging that they required her to take a polygraph examination as a condition of her continuation of employment in violation of 19 *Del.C.* § 704,[1] that she was libeled and slandered when the defendants gave her name to the police as a theft suspect, and that she was illegally discharged based upon the polygraph examination results. Defendants have moved to dismiss the complaint for failure to state a claim upon which relief can be granted pursuant to Superior Court Civil Rule 12(b)(6). Defendants contend that a private cause of action may not be maintained by an individual subjected to an illegal polygraph examination, that the libel-and-slander claim does not overcome a conditional privilege, and that plaintiff was an at-will employee without contractual or statutory protection against summary discharge.

## I.

For the purpose of judging a motion to dismiss for failure to state a claim pursuant to Superior Court Civil Rule 12(b)(6), all well-pleaded allegations in the complaint must be accepted as true. *Spence v. Funk*, Del.Supr., 396 A.2d 967 (1978); *Nix*

---

1. 19 *Del.C.* § 704 states:

   "Polygraph, lie detector or similar test or examination prohibited as condition of employment or continuation of employment; definitions; jurisdiction; penalty; exclusion.

   "(a) As used in this section, 'person' includes any individual, corporation, partnership, firm, association and the State or any agency or political subdivision thereof.

   "(b) No person, nor any agent or representative of a person, shall require, request or suggest that any employee or prospective employee take or shall cause, directly or indirectly, any employee or prospective employee to take a polygraph, lie detector or similar test or examination as a condition of employment or continuation of employment.

   "(c) Whoever violates this section shall be fined not more than $500 or imprisoned for not more than 90 days, or both. The Superior Court shall have exclusive jurisdiction of offenses under this section.

   "(d) This section shall not apply to any polygraph, lie detector or similar test or examination administered by any law-enforcement agency in the performance of official duties.

   "(e) As used in this section, the term 'lie detector' shall include, but shall not be limited to, any electromechanical device which records or analyzes vocally produced sound frequency variations associated with stress for the purpose of determining the truth of any oral statement."

*v. Sawyer,* Del.Super., 466 A.2d 407 (1983). The following facts are alleged.

Plaintiff was employed by defendant Dover Warehouse Market, Inc. ("Dover Warehouse") as a cashier. Dover Warehouse is owned and managed by defendant B. Green and Company ("B. Green"), which also performs the security services for Dover Warehouse. In May 1984, defendants discovered that approximately $17,000 had been stolen through manipulation of the supermarket's computerized cash registers.

Because plaintiff was one of the persons having access to the cash registers, she became a suspect as to the missing money. She was directed by her employer to go to B. Green's office in Baltimore in June 1984. She was then taken to another office in Baltimore where a polygraph test was administered to her in connection with the theft. On her return to B. Green's office, she was told that she had passed the polygraph test.

On June 20, 1984, defendants gave plaintiff's name to the Dover City Police, stating that she had failed the polygraph test and that she was a suspect in the theft of the $17,000 from Dover Warehouse. She was subsequently arrested for felony theft and was indefinitely suspended from her job. On September 17, 1984, following a preliminary hearing and investigation, the Deputy Attorney General dropped the felony theft charge due to insufficient evidence. Plaintiff was not reinstated in her old job because of the results of the polygraph examination.

## II.

This is a case of first impression on the subject of Delaware's anti-polygraph statute, 19 *Del. C.* § 704, and whether a private cause of action may be maintained by an employee for a violation of its provisions. Whether a private cause of action may be implied in favor of an employee for a violation of the anti-polygraph statute depends upon whether such a result was intended by the General Assembly. *Young v. Joyce,* Del.Supr., 351 A.2d 857 (1975); *Lock v.*

*Schreppler,* Del.Super., 426 A.2d 856 (1981); *Callaway v. N.B. Downing Co.,* Del.Super., 172 A.2d 260 (1961).

In *Lock v. Schreppler, supra,* the Court adapted to that case the comprehensive test enunciated in *Cort v. Ash,* 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975), to determine whether a private remedy was implied in a statute. The inquiry under *Lock v. Schreppler* is threefold: (1) Is the plaintiff one of a class for whose special benefit the statute was enacted? (2) Is there any indication of legislative intent, explicit or implicit, either to create such a remedy or to deny one? (3) Is it consistent with the underlying purposes of the legislative scheme to imply such a remedy for the plaintiff?

Turning to the first consideration, Delaware's anti-polygraph statute was clearly enacted to protect the class of employees and prospective employees from being subjected to polygraph examinations. Since plaintiff is one of the class for whose special benefit the statute was enacted, the first consideration under *Lock v. Schreppler* is satisfied.

The second element of the test concerning legislative intent is also met here. Although the statute only provides for criminal penalties, the express provision of a criminal penalty does not mandate the exclusion of a civil remedy. *See Cort v. Ash, supra* at 79, 95 S.Ct. at 2088. In *Callaway v. N.B. Downing Co., supra,* this Court implied a private cause of action on behalf of employees under the minimum wage law, which at the time only provided that an employer be fined or imprisoned for a violation. The law was construed as having a dual purpose—to assure the employee the minimum wage and to penalize an employer who fails to pay such wage. Because the penal provision did not provide an injured employee sufficient redress, a private cause of action was implied.

Delaware's anti-polygraph statute also has a dual purpose—to assure an employee or prospective employee that he or she will

not be subjected to a polygraph examination as a condition of employment or continuation of employment and to penalize an employer who requires, requests, or causes such a test to be administered. As in the *Callaway* case, a fine or term of imprisonment imposed on the employer does not provide redress for damages proximately caused by a violation of the statute. While restitution may be ordered as a condition of probation of an employer who is convicted in a criminal proceeding, *Wyatt v. State*, Del.Supr., 498 A.2d 1088 (1985), it is within the discretion of the Attorney General whether to commence a criminal prosecution in the first instance. Redress for damages is not assured unless a private cause of action is implied under the statute.

▮ Turning to the third consideration, the implication of a private cause of action is consistent with the underlying purposes of the anti-polygraph statute. Polygraph test results have not yet been found to be sufficiently reliable to allow their introduction into evidence without a stipulation. *Williams v. State*, Del.Supr., 378 A.2d 117 (1977). A polygraph test impinges on an employee's right to privacy and against involuntary self-incrimination. *See State v. Community Distributors, Inc.*, N.J.Supr., 64 N.J. 479, 317 A.2d 697 (1974). The General Assembly has declared the public policy of this State that polygraph examinations in the employment context are offensive to the public welfare. A private cause of action is appropriate for promoting the policy of the statute and necessary to assure its effectiveness.

Defendants rely on the at-will employee doctrine in support of their motion to dismiss. Under this doctrine, "[a] hiring for an indeterminate period is a hiring at will and, consequently, is terminable at the will of either party with or without cause." *Haney v. Laub*, Del.Super., 312 A.2d 330, 332 (1973); *Drake v. Hercules Powder Co.*, Del.Super., 55 A.2d 630 (1946); *Greer v. Arlington Mills Mfg. Co.*, Del.Super., 43 A. 609 (1899). The doctrine was reaffirmed by the Delaware Supreme Court in *Heideck*

*v. Kent General Hospital, Inc.*, Del.Supr., 446 A.2d 1095 (1982). *Accord, Avallone v. Wilmington Medical Center, Inc.*, D.Del., 553 F.Supp. 931 (1982).

All of the above cases are distinguishable here because none involved an express statutory prohibition of certain conduct on the part of the employer. In spite of its continuing vitality in Delaware, the at-will employee doctrine must yield to applicable constitutional and statutory proscriptions which support a private cause of action. *Compare Murphy v. American Home Products Corp.*, N.Y.Ct.App., 58 N.Y.2d 293, 461 N.Y.S.2d 232, 237, 448 N.E.2d 86, 91 (1983) ("absent a constitutionally impermissible purpose, a statutory proscription, or an express limitation in the individual contract of employment, an employer's right at any time to terminate an employment at will remains unimpaired.")

▮ I hold that plaintiff's complaint states a claim upon which relief may be granted for any damages proximately caused by a violation of 19 *Del.C.* § 704 based upon the implied private remedy intended by the General Assembly under that statute. This cause of action constitutes a statutory exception to the at-will employee doctrine.

### III.

Defendants also seek the dismissal of the libel-and-slander claim based upon conditional privilege. Defendants argue that they had a conditional privilege to relay information about the plaintiff because (a) there was information affecting a sufficiently important public interest, and (b) the public interest requires communication of defamatory matter to a public officer who is authorized to take action if the defamatory matter is true. Restatement (Second) Torts § 598. Defendant also points to *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 349, 94 S.Ct. 2997, 3011, 41 L.Ed.2d 789 (1974), where the Supreme Court held that recovery of damages in a

defamation suit is not permitted if "liability is not based on a showing of knowledge of falsity or reckless disregard for the truth."

Plaintiff argues that Dover Warehouse abused the conditional privilege by turning her name over to the police stating that she failed a polygraph examination when there was a question as to the actual results. Plaintiff cites *Burr v. Atlantic Aviation Corp.*, Del.Supr., 348 A.2d 179, 181 (1975): "A qualified privilege must be exercised with good faith without malice and absent any knowledge of falsity or desire to cause harm."

■ The test of whether there was abuse of the conditional privilege lies in whether there was actual malice by the defendants in passing along their suspicions. The plaintiff must show that the privilege was abused because either: (a) defendant knew the matter to be false, or (b) defendant acted in reckless disregard as to the truth or falsity of the statement. Restatement (Second) Torts § 600.

■ A motion to dismiss for failure to state a claim must be denied if the plaintiff may recover under any reasonably conceivable set of circumstances susceptible of proof under the complaint. *Spence v. Funk, supra.* Whether the report to the Dover Police was made with malice is an issue that the Court cannot resolve at this stage. "As to whether or not the statements complained of are made maliciously; that is, with actual ill will toward the object of the statement, or with an improper motive by the person making the statement, the jury is the proper tribunal to determine that fact." *Pierce v. Burns*, Del.Supr., 185 A.2d 477, 480 (1962). Therefore, defendants' motion to dismiss plaintiff's libel-and-slander claim is denied.

Accordingly, defendants' motion to dismiss for failure to state a claim upon which relief can be granted is denied.

IT IS SO ORDERED.