Alvin M. WALD, individually and as Trustee for Walter Wald, Plaintiff,

v.

WILMINGTON TRUST CO., a Delaware corporation, Defendant.

Superior Court of Delaware, New Castle County.

Submitted April 14, 1988.
Decided June 28, 1988.

Mark D. Sisk of Schlusser, Reiver, Hughes & Sisk, Wilmington, for plaintiff.

Matthew J. Lynch, Jr., Wilmington, of Wilmington Trust Company, for defendant.

BABIARZ, Judge.

Defendant Wilmington Trust Company has moved to dismiss plaintiff Alvin M. Wald's claim under the Uniform Deceptive Trade Practices Act, 6 *Del.C.* § 2531 et seq. This action concerns certain precious stones which plaintiff stored with defendant. Plaintiff alleges that defendant made misrepresentations regarding insurance coverage for the stones. Defendant has moved for dismissal on the ground that plaintiff may not assert a claim for money damages under the Uniform Deceptive Trade Practices Act, 6 *Del.C.* § 2531 et seq.

6 *Del.C.* § 2532 defines various activities as deceptive trade practices. Plaintiff's claim is brought under the section's catch-all provision:

> (a) A person engages in a deceptive trade practice when, in the course of his business, vocation, or occupation, he:
>
> \*   \*   \*   \*   \*   \*
>
> (12) Engages in any other conduct which similarly creates a likelihood of confusion or misunderstanding.

6 *Del.C.* § 2532(a)(12).

6 *Del.C.* § 2533(a) provides that a person likely to be damaged by a deceptive trade practice of another may be granted an injunction against it. 6 *Del.C.* § 2533(c) states:

> (c) The relief provided in this section is in addition to remedies otherwise available against the same conduct under the common law or other statutes of this State. If damages are awarded to the aggrieved party under the common law or other statutes of this State, such damages awarded shall be treble the amount of the actual damages proved.

Defendant cites three unreported opinions of this Court which support his motion, *Griffith v. Brown P. Thawley, Inc.*, Del.Super., C.A. No. 81C–MR–9, Christie, J. (April 20, 1983); *Galasso Import Company v. Porter*, Del.Super., C.A. No. 79A–JA–19, Stiftel, J. (April 23, 1980); *Sexton v. J.C. Penney Co., Inc.*, Del.Super., C.A. 77C–DE–74, Walsh, J. (Nov. 15, 1978). See also *Trabaudo v. Kenton Ruritan Club, Inc.*, Del.Super., 517 A.2d 706 (1986). These cases hold that a consumer does not have standing to assert a claim under the Uniform Deceptive Trade Act.

Plaintiff cites *Roberts v. American Warranty Corp.*, Del.Super., 514 A.2d 1132 (1986) in opposition to the motion. This case holds that a consumer does have standing to assert such a claim.

■ This Court, after careful consideration of these conflicting authorities, concludes that the treble damage remedy of 6 *Del.C.* § 2533 is not available to plaintiff under the circumstances of the case at bar.

In *Roberts*, supra, cases allowing claims by consumers under the Illinois and Oregon versions of the Uniform Deceptive Trade Practices Act were cited. However, the legislative histories of the Illinois and Oregon statutes differ significantly from that of the Delaware Act. Both the Illinois and Oregon Courts emphasized that, because the Uniform Deceptive Trade Practices Act provisions are incorporated into statutes which also deal with consumer protection, they are to be interpreted liberally in favor of the consumer. *Glazewski v. Allstate Ins. Co.*, 1 Dist., 126 Ill.App.3d 401, 81 Ill.Dec. 349, 354, 466 N.E.2d 1151, 1156 (1984), aff'd in part, rev'd in part, *Glazewski v. Coronet Ins. Co.*, 108 Ill.2d 243, 91 Ill.Dec. 628, 483 N.E.2d 1263 (1985). (Section 2 of the Uniform Deceptive Trade Practices Act was incorporated into section 2 of the Consumer Fraud and Deceptive Business Practices Act; through the incorporation, the legislature clearly intended to provide consumers with broader protection than initially provided under either Act individually and to allow consumers to seek remedies for deceptive practices under the Uniform Act); *Denson v. Ron Tonkin Gran Turismo, Inc.*, 279 Or. 85, 566 P.2d 1177, 1180 (1977) ("Because the policy un-

855

derpinnings of our statute (protection of consumers) differ somewhat from the Uniform Act (protection of businesses), interpretations of the Uniform Act are of limited value in discerning the legislative intent behind the Oregon Act"). In *Glazewski* the Illinois Supreme Court later reversed that part of the appellate court opinion which held that plaintiffs had standing to sue under the Uniform Deceptive Trade Practices Act. *Glazewski v. Coronet Ins. Co.,* supra.

In Delaware, the Uniform Deceptive Trade Practices Act is codified in a separate subchapter from the statutory provisions dealing with consumer fraud, 6 *Del. C.* §§ 2511 et seq.

The legislative history of the Illinois and Oregon statutes led courts in those states to conclude that their versions of the Uniform Deceptive Trade Practices Act should be read to provide broad protection to consumers. In the absence of a similar legislative history, the Delaware statute must be construed "in conformity with the common law of unfair competition." *Sexton v. J.C. Penney Co., Inc.,* supra, at 3. The statute is meant to provide a remedy for injuries to business interests, rather than for harm to individual consumers. The provisions of the consumer fraud statute, 6 *Del. C.* § 2511 et seq., are designed to protect consumers against the type of injury which plaintiff alleges. The Uniform Deceptive Trade Practices Act must logically have some different aim.

Treble damages are available only in conjunction with injunctive relief under 6 *Del. C.* § 2533(a). *Galasso Import Co. v. Porter,* supra, at 5. The association of the treble damage remedy with injunctive relief indicates that the Act is directed at patterns of deceptive conduct, not isolated incidents of consumer fraud. Plaintiff does not have standing to bring a claim for treble damages pursuant to 6 *Del. C.* § 2533(c).

Defendant Wilmington Trust Company's motion to dismiss is granted. IT IS SO ORDERED.