**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**
**IN AND FOR NEW CASTLE COUNTY**

| | | |
|---|---|---|
| **STEVEN MCLEOD** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **C.A. No. N11C-03-111 MJB** |
| | ) | |
| **HUGHEY F. MCLEOD** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

**Submitted:** November 5, 2014
**Decided:** February 26, 2015

*Upon Plaintiff's Motion for Summary Judgment on Counterclaim Number Two,*
**DENIED.**

**OPINION**

Steven A. McLeod, *pro se*, 1050 Big Joe Road, Monticello, Florida 32344.

Cynthia H. Pruitt, Esq., Doroshow, Pasquale, Krawitz & Bhaya, Attorney for Defendant.

**Brady, J.**

# I. INTRODUCTION

This is a personal injury case. Plaintiff Steven A. McLeod ("Plaintiff") alleges that he was sexually abused as a child by his father, Defendant Hughey F. McLeod ("Defendant"), from approximately December 1967 through January 1972. Both parties were domiciled in Delaware at the time of the alleged abuse, but both parties now reside in Florida. Plaintiff is currently incarcerated in Florida. On April 29, 2011, Plaintiff filed the instant action under 10 *Del. C.* § 8145.

On August 16, 2013, Defendant filed an Answer and Counterclaim against Plaintiff. Defendant counterclaims against Plaintiff on two counts: (1) making meritless accusations with malicious intent in violation of 10 *Del. C.* §8145(c), and (2) libel, slander, and defamation.[1] On September 5, 2013, Plaintiff filed a Motion to Dismiss the Counterclaims,[2] which the Court denied without prejudice in an April 25, 2014 Opinion.[3] The Court explained that, depending on the outcome of discovery, a Motion for Summary Judgment on the second counterclaim might be appropriate.[4] In the interim, Plaintiff filed an Answer to Defendant's Counterclaims on August 6, 2014.[5] Discovery closed on September 19, 2014.

On October 15, 2014, Plaintiff filed the instant Motion for Summary Judgment on Plaintiff's second counterclaim for libel, slander, and defamation.[6] Defendant filed his Motion

---

[1] Answer, Item 76, at 4-5.
[2] Motion, Item 84.
[3] Opinion, Item 161.
[4] Opinion, Item 161, at 9.
[5] Answer, Item 177.
[6] Motion, Item 194.

in Opposition on November 5, 2014.[7]  For the reasons explained below, Plaintiff's present Motion is **DENIED**.

## II. PROCEDURAL HISTORY

### A. Defendant's Counterclaim and Plaintiff's Motion to Dismiss

In his August 16, 2013 Answer, Defendant asserted two counterclaims.  First, Defendant argued that Plaintiff made false accusations with malicious intent in violation of 10 *Del. C.* §8145(c).[8]  Second, Defendant counterclaimed against Plaintiff for libel, slander, and defamation.[9]  Specifically, Defendant alleged that in filing the Complaint in the instant action, Plaintiff "accused [Defendant] of heinous and repugnant acts" knowing that these accusations were false and acting "with intent to libel, slander and defame [Defendant]."[10]  Defendant argued that the accusations are false, slander *per se*, and libel *per se*.[11]  Defendant maintained that as "direct and proximate" result of these accusations, "[Defendant] has suffered great upset, shock, mental and emotional distress, shame, embarrassment and humiliation, as well as monetary damages to defend and clear his good name."[12]

On September 5, 2013, Plaintiff filed a Motion to Dismiss the Counterclaims.[13]  Defendant submitted a Response in Opposition on November 7, 2013;[14] and Plaintiff submitted a Response to Defendant's Opposition on January 8, 2014.[15]  Plaintiff moved to dismiss the counterclaims citing Rule 12(b)(6) and Rule 12(f), and arguing that 10 *Del. C.* §8145(c) is

---

[7] Opposition, Item 195.
[8] Answer, Item 76, at 4.
[9] Answer, Item 76, at 5.
[10] Answer, Item 76, at 5.
[11] Answer, Item 76, at 5.
[12] Answer, Item 76, at 5.
[13] Motion, Item 84.
[14] Response, Item 102.
[15] Response, Item 112.

unconstitutional.[16] The Court found no grounds to challenge the legislature's authority in enacting 10 *Del. C.* §8145(c).[17] The Court denied Plaintiff's Motion with respect to the first counterclaim on the grounds that Rule 12(b)(6) dismissal is only warranted when "the non-moving party could not conceivably be entitled to relief under any reasonable set of circumstances" and the claim is "clearly without merit."[18] The Court found that Defendant's counterclaim satisfied the extremely permissive standard surviving a Motion to Dismiss under Rule 12(b)(6).[19] The Court also denied Plaintiff's Motion under Rule 12(f) because Plaintiff failed to give the Court any reasonable justification for why either counterclaim should be stricken from the record.[20]

Plaintiff further argued that Defendant's second counterclaim for libel, slander, and defamation is barred under Delaware's statute of limitations and the absolute privilege rule.[21] The applicable statute of limitations, 10 *Del. C.* §8119, provides that no person is permitted to bring a cause of action for personal injuries that allegedly occurred more than two years prior. Plaintiff argued that Defendant's claim is based on statements made in 1994 or 1995 and in 2007; thus, the cause of action is time-barred.[22] Defendant acknowledged the two-year statute of limitations and conceded that any statements more than two years old would not entitle him to relief.[23] However, Defendant argued that he has a good faith basis to believe that Plaintiff has

---

[16] Motion, Item 84, at 1 (*citing* Super. Ct. Civ. R. 12(b)(6); Super. Ct. Civ. R. 12(f)).
[17] Opinon, Item 161, at 6-7.
[18] Opinion, Item 161, at 6 (*citing Rogers v. Erickson Air-Crane Co.*, 740 A.2d 508, 510 (Del. Super. Ct. 1999)).
[19] Opinion, Item 161, at 6.
[20] Opinion, Item 161, at 7.
[21] Motion, Item 84, at 2.
[22] Response, Item 112, at 3.
[23] Response, Item 102, at 4-5.

made subsequent defamatory statements within the last two years, and argued that discovery should be permitted pertaining to this issue.[24]

Plaintiff argued that the second counterclaim is barred under the absolute privilege rule, which protects parties from defamation actions against them for statements made in the context of judicial proceedings.[25] However, Defendant alleged that Plaintiff has a history of making defamatory statements outside the judicial context (e.g., in the media) and asserted a good faith belief that Plaintiff had made defamatory statements outside the judicial context more recently (within the time period covered by the statute of limitations).[26] For these reasons, the Court denied Plaintiff's Motion to Dismiss but stated that summary judgment would be appropriate if, after discovery, it is not evident that new statements have been made outside the judicial context.[27]

### B. Plaintiff's Motion for Summary Judgment

Discovery closed on September 19, 2014. On October 15, 2014, Plaintiff filed the instant Motion.[28] Plaintiff argues that Defendant's defamation claims are entirely based on Plaintiff's Complaint in the instant case and hence are barred both by the two-year statute of limitations and by immunity for statements made in the context of a judicial proceeding.[29] Defendant argues in opposition that Plaintiff has made defamatory statements outside the judicial process within the last year.[30] Specifically, Defendant alleges that Plaintiff sent a letter to Governor Jack Markell dated February 17, 2014 (the "Letter"), in which he identifies Defendant, states that Defendant

---

[24] Response, Item 102, at 4-5.
[25] *Barker v. Huang*, 610 A.2d 1341, 1345 (Del. Super. Ct. 1992).
[26] Response, Item 102, at 4-5.
[27] Opinion, Item 161, at 9.
[28] Motion, Item 194.
[29] Motion, Item 194, at 2.
[30] Response, Item 195, at 2.

was involved in sexual abuse of Plaintiff and Plaintiff's sister, and calls Defendant a "child molester."[31]  In the Letter, Plaintiff states that he has enclosed a previous letter that he had written to Attorney General Beau Biden in 2007, titled "Request for Investigation and Prosecution of Hughey F. McLeod."[32]  Defendant says that he assumes that this is the same letter to Attorney General Biden that Plaintiff produced during discovery.[33]  The letter to Attorney General Biden identifies Defendant and alleges, among other things, that Defendant sexually abused his daughter and raped Plaintiff when Plaintiff was a minor.[34]

Defendant argues that the Letter satisfies the following elements of a *prima facie* case of defamation: (1) a defamatory communication, (2) publication, (3) reference to [Defendant], (4) understanding by third-parties of the defamatory character of the communication, and (5) resulting injury.[35]  First, Defendant argues that the statements accusing Defendant of rape and incest are "clearly defamatory."[36]  Second, Defendant argues that Plaintiff published the statements when he sent the Letter Governor Markell.[37]  Third, Defendant is specifically identified in the Letter.  Fourth, Defendant argues that the statements contained in the Letter are "libelous on their face…and any third party would understand that allegations of incest and rape are defamatory by nature."[38]  Finally, Defendant argues that because the statements are libelous on their face, no proof of special damages is required.[39]

---

[31] Response, Item 195, at 2.  The letter is attached as Exhibit A to Item 195.
[32] Exhibit A to Item 195, at 4.
[33] Exhibit B to Item 195.
[34] Exhibit B to Item 195, at 1-2.
[35] Response, Item 195, at 3 (*citing Spence v. Funk*, 396 A.2d 967, 971-72 (Del. 1978)).
[36] Response, Item 195, at 3 (*citing Reardon v. News Journal*, 164 A.2d 263 (Del. 1960)).
[37] Response, Item 195, at 3-4.
[38] Response, Item 195, at 4.
[39] Response, Item 195, at 4 (*citing Spence*, 396 A.2d at 969-70).

Defendant argues that absolute immunity or privilege is not a defense to the publication of these statements as the statements were made outside of judicial proceedings.[40] Defendant maintains that, although Plaintiff wrote the case caption and civil action number for the instant case at the top of the Letter, the Letter itself was not part of the judicial proceedings in any manner.[41] Defendant points out that the Letter was for the separate purpose of asking the Governor to investigate the 2007 police investigation initiated by Plaintiff.[42]

### III. LEGAL STANDARD

The Court may grant summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[43] A motion for summary judgment, however, should not be granted when material issues of fact are in dispute or if the record lacks the information necessary to determine the application of the law to the facts.[44] A dispute about a material fact is genuine when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[45] Thus, the issue is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."[46]

---

[40] Response, Item 195, at 4 (*citing Nix v. Sawyer*, 466 A.2d 407, 410 (Del. Super. Ct. 1983)).
[41] Response, Item 195, at 4.
[42] Response, Item 195, at 4.
[43] Super. Ct. Civ. R. 56(c).
[44] *Bernal v. Feliciano*, 2013 WL 1871756, at *2 (Del. Super. Ct. May 1, 2013) (*citing Ebersole v. Lowengrub*, 180 A.2d 467, 468 (Del. 1962)).
[45] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 243 (1986).
[46] *Id.*

Although the party moving for summary judgment initially bears the burden of demonstrating that the undisputed facts support his legal claims,[47] once the movant makes this showing, the burden "shifts to the non-moving party to demonstrate that there are material issues of fact for resolution by the ultimate fact-finder."[48] When considering a motion for summary judgment, the Court must view the evidence in the light most favorable to the non-moving party.[49]

### IV. DISCUSSION

"The law of defamation is a reflection of society's attempt to accommodate two important but often conflicting policies: on one hand, the policy of protection a person in the enjoyment of his good name and reputation and, on the other, the policy of encouraging freedom of expression."[50] There are five elements of a defamation action, which the plaintiff must plead and prove: (1) the defamatory character of the communication; (2) publication; (3) that the communication refers to the plaintiff; (4) the third party's understanding of the communication's defamatory nature; and (5) injury.[51]

Libel is written defamation, and slander is spoken defamation.[52] The scope of liability is generally broader for libel than for slander.[53] Traditionally, there are four categories of facially defamatory statements that constitute defamation *per se* and hence are actionable without proof of special damages: (1) statements that malign one in a trade, business, or profession; (2)

---

[47]*Hughes ex rel. Hughes v. Christina Sch. Dist.*, 2008 WL 73710, at *2 (Del. Super. Ct. Jan. 7, 2008) (*citing Storm v. NSL Rockland Place, LLC*, 898 A.2d 874, 879-80 (Del. Super. Ct. 2005)).
[48]*Id.*
[49]*Joseph v. Jamesway Corp.*, 1997 WL 524126, at *1 (Del. Super. Ct. July 9, 1997) (*citing Billops v. Magness Const. Co.*, 391 A.2d 196, 197 (Del. Super. Ct. 1978)).
[50] *Spence v. Funk*, 396 A.2d 967, 969 (Del. 1978) (*citing Short v. News-Journal Co.*, 212 A.2d 718 (Del. Super. Ct. 1965)).
[51] *Read v. Carpenter*, 1995 WL 945544, *2 (Del. Super. Ct. June 8, 1995).
[52] *Spence*, 396 A.2d at 970.
[53] *Id.*

statements that impute a crime; (3) statements that imply that one has a "loathsome disease"; and (4) statements that impute unchastity to a woman.[54] Delaware does not require proof of special damages for any libel claim, whether the publication is libelous on its face or only by reference to extrinsic facts.[55]

Affirmative defenses to a *prima facie* case of defamation exist "for statements made in certain context where there is a particular public interest in unchilled freedom of expression."[56] One such exception is the common law rule of absolute privilege, which protects "statements of judges, parties, witnesses and attorneys offered in the course of judicial proceeding so long as the party claiming the privilege shows that the statements were issued as part of a judicial proceeding and were relevant to a matter at issue in the case."[57] There are also cases of conditional privilege that constitute affirmative defenses for defamation. However, unlike absolute privilege, conditional privilege requires that the statement was made "with good faith[,] without malice[,] and absent any knowledge of falsity or desire to cause harm."[58]

The *Restatement (Second) of Torts* provides for a conditional privilege when "the circumstances induce a correct or reasonable belief that (a) there is information that affects a sufficiently important public interest, and (b) the public interest requires the communication of the defamatory matter to a public officer or a private citizen who is authorized or privileged to take action if the defamatory matter is true."[59] Applying this rule, Delaware courts have found statements to a law enforcement officer reporting an alleged crime to be subject to conditional

---

[54] *Id.*
[55] *Id.*
[56] *Barker v. Huang*, 610 A.2d 1341, 1344 (Del. Super. Ct. 1992).
[57] *Id*. at 1345.
[58] *Heller v. Dover Warehouse Market*, 515 A.2d 178, 179 (Del. Super. Ct. 1986) (citation omitted).
[59] Restatement (Second) of Torts § 598 (1977).

privilege.[60] However, whether a conditional privilege has been abused is ordinarily a question of fact.[61]

In the instant case, Defendant has established a plausible *prima facie* case of defamation as a result of Plaintiff's February 17, 2014 to Governor Markell. The Letter, which accuses Defendant of particularly lurid crimes, is facially defamatory. There is evidence that the Letter was published, given that the Letter is addressed to Governor Markell and given the Letter's similarity to previous letters that Plaintiff has confirmed sending to other public officials. The Letter clearly refers to Defendant, identifying him by name, profession, and by reference to his family members. Given the content of the Letter, it would clearly be understood as defamatory by the person to whom it was published. Defendant has alleged injury as a result. As the Letter was produced for a purpose entirely separate from the instant litigation, the absolute privilege asserted by Plaintiff does not apply. Plaintiff may be able to assert conditional privilege for a communication made in protection of an important public interest. However, Plaintiff has not done so. Further, even if Plaintiff were to assert such a privilege, whether the privilege was properly invoked would be a question of fact that would have to be determined at trial.

---

[60] *Better v. Mitchell*, 2004 WL 3312524, *2 (Del. Ct. Com. Pl. Oct. 5, 2004); *Heller*, 515 A.2d at 179.
[61] *Meades v. Wilmington Housing Authority*, 2005 WL 1131112, *2 (Del. May 12, 2005).

## V. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Summary Judgment on Defendant's Second Counterclaim for Defamation is hereby **DENIED**.

**IT IS SO ORDERED.**

_____/s/_____
**M. Jane Brady**
Superior Court Judge