9 F.3d 112
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
William JOHNSON and Linda Johnson, Plaintiffs-Appellants,
v.
SAFECO INSURANCE COMPANY OF AMERICA, Defendant-Appellee.
 No. 93-1162.
 United States Court of Appeals, Seventh Circuit.
 Argued Oct. 6, 1993.
Decided Oct. 22, 1993.
Rehearing Denied Dec. 20, 1993.
 
 Appeal from the United States District Court for the Northern District of Illinois, Western Division, 92 C 20186; Philip G. Reinhard, Judge.
 
 N.D.Ill., 809 F.Supp. 602
 
 1
 AFFIRMED.
 
 ORDER
 
 2
 William and Linda Johnson appeal from the dismissal of this diversity of citizenship action seeking to aggregate underinsured motorist coverages under two automobile insurance policies issued to them by SAFECO Insurance Company of America. Because we agree that SAFECO's policies were unambiguous and precluded the stacking of underinsured motorist coverages, we affirm the district judge's decision for the reasons stated in Johnson v. SAFECO Insurance Co., 809 F.Supp. 602 (N.D.Ill.1992).
 
 
 3
 On appeal, the Johnsons argue that the district judge erred in dismissing Count I of their complaint because SAFECO did not specifically address the set-off issue in its motions to dismiss. The Johnsons waived this argument because they failed to raise it before the district judge in their opposition to SAFECO's motions to dismiss. See Farnham v. Windle, 918 F.2d 47, 51 (7th Cir.1990).
 
 
 4
 The Johnsons also argue that the district judge erred in dismissing Count II which alleged that SAFECO acted fraudulently and in bad faith by issuing insurance policies limiting liability to a single coverage despite the payment of multiple premiums. The district judge correctly concluded that under Menke v. Country Mutual Insurance Co., 401 N.E.2d 539 (Ill.1980), and Carini v. Allstate Insurance Co., 446 N.E.2d 1221 (Ill.App.Ct.1983), the Johnsons failed to state a claim for fraud. Johnson, 809 F.Supp. at 609-10.
 
 
 5
 The Johnsons have moved for certification pursuant to Circuit Rule 52. Since they made this request for the first time in their reply brief, it is waived. Chrysler Credit Corp. v. Louis Joliet Bank & Trust Co., 863 F.2d 534, 540-41 (7th Cir.1988). In all events, there was no ambiguity surrounding the application of Menke which would warrant certification in this case. Id.
 
 
 6
 AFFIRMED.